REED vs. QUEEN ANNE'S R. R. 421

VERDICT.

In measuring damages in this case, you are not to be governed by what would probably have been the gross earnings or income of the deceased, but by what portion of the gross earnings or income the plaintiff would probably have received from the deceased as his wife, if he had lived.

Verdict for plaintiff for $5000.

————————

EDWARD W. LAPHAM and ISAAC L. LAPHAM, trading under the firm name of E. W. LAPHAM & SON vs. THE PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, a corporation of the State of Delaware.

*Pleading—Demurrer—Plea in abatement—Misnomer of Defendant Corporation—" Philadelphia, Baltimore and Washington Railroad Company"—" The" used as part of title— Demurrer to plea in abatement overruled.*

The corporate title of defendant being, " Philadelphia, Baltimore and Washington Railroad Company," and being sued as " The Philadelphia Baltimore and Wash-t ington Railroad Company," *held* to be a misnomer, and demurrer to plea in abatemen overruled.

(*November 2, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Henry Ridgely, Jr.,* and *William M. Hope* for plaintiff.

*George M. Jones* for defendant.

Superior Court, Kent County, October Term, 1903.

ACTION ON THE CASE (No. 46, April Term, 1903).

Demurrer to plea in abatement.

Defendant filed a plea in abatement alleging that the use of the word " The " as a part of the defendant's corporate title was a misnomer, said corporate title being simply " Philadelphia, Baltimore and Washington Railroad Company," etc.

*Henry Ridgely, Jr.* and *William M. Hope*, counsel for demurrants argued as follows :

1. The whole and sole question involved in a plea of abatement for an alleged misnomer of a defendant, is a question of identity. Is the person, natural or artificial, who is served with the summons, the same person whom the writ commands to be served ? If yes, then the plea is bad, otherwise, it is good. The reason is manifest. A writ is ineffectual if not served ; it can only be served in pursuance of its mandate ; the command being to serve a certain person, a service upon any different person is bad, and no one at all is properly before the Court.

This theory of the identity as the touchstone of decisions on pleas of abatement for misnomer has been recognized and acted upon from the earliest times.

The reiterated *si idem sonans* of the early cases had its basis here. Legal process, of necessity, dealt with persons by and with their names ; the name was the means of the identification of the person. This was quite as true of individuals as of corporations. The process knew nothing more of the substance or body of the one than the other. In either case, therefore, the identification of the defendant, so far as the process was concerned, lay entirely in the name. If identification had not been the sole question in such matters, then we could have looked for technical strictness being required. This, however, was not the case. Even in the early

LAPHAM & SON vs. P. B. & W. R. R.        423

ARGUMENTS.

days of technical refinement, no literal error availed to abate the suit, provided only the sound was there.    Thus in

*2 Taunton, 401 ; 2 Price, 328 ; 18 English Common Law, 194, note A. ; 3 Chitty's Gen. Practice, 171.*

2. Now the only distinguishing points in names consist either (so far as natural persons are concerned) in spelling or in sound ; and it is equally true that names which do not sound alike can never be spelt alike ; but names which do sound alike may be spelt differently.    Here then we have the reason that leads the Courts from the very beginning to hold that sound would answer and make the writ good.    To hold to the literal spelling would have been the technical ruling, but the Courts have always held that the *idem sonans* was sufficient, for by it the identification could be assured.

Take now the case of artificial persons.    Is the reason and the rule the same?    It may be contended that these bodies are given a name by law.    It is replied that their baptism by statute is no higher than the baptism of the individual.    It may be contended again that corporations having no physical body must depend for identification upon their names.    To this it is replied (as already stated) that in legal process the name of the natural person is likewise the sole test of identity.    The writ commands John Jones to be served ; not John Jones of a certain presence and appearance. As a matter of fact, legal process of itself gives more means of identifying the corporation than the individual, for in the former it gives its place of existence, thus The A B Co., a corporation of the State of Delaware, whereas in the case of the individual, the John Jones might be anyone of a thousand anywhere in the United States.

But further :    Individuals have names which in themselves convey no impression of the identity of the person named ; with corporations the name often itself gives some description; thus as in the present case, Philadelphia, Baltimore and Washington Railroad Company, at once describes a railroad corporation, and the further

description " existing under the laws of the State of Delaware," identifies it as one of the railroads incorporated by this State. The individual name gives no description, conveys no idea of the identity of the person.

*1 Thompson Corporations, Sec. 285 ; 1 Morawetz Corporations, Sec. 354; Angel & Ames, 3d Edition, 77 ; 1 Barn. & Alderson, 699-701 ; 10 Coke Report, 124 ; 1 Bos. & Puller, 40-44; 30 Alabama, 663.*

*Jones,* for defendant, replied ; citing

*4 Ency. Pl. and Pr., 204 ; Ohio vs. Bell Telephone Co., 36 Ohio St., 296 ; Pa. Co. vs. Sloan, 125 Ill., 72.*

Demurrer overruled, (PENNEWILL J., dissenting).

———•———

SARAH A. CUMMINS *vs* JAMES H. ENNIS.

*Trespass on the Case— Warranty—No particular words necessary— What plaintiff must prove—Soundness of cattle— What constitutes unsoundness—Contagious disease—Knowledge of defendant— Caveat emptor—Breach of Warranty—Measure of damages.*

1.  To enable the plaintiff to recover in an action for a breach of warranty, he must show to the satisfaction of the jury : (1) That there was a contract of warranty. (2) The breach of that warranty. (3) The damages sustained from such breach.

2.  To constitute an express warranty, the word "warrant" need not be used, nor are any particular words necessary. Whatever representations are made by the seller at the time of the sale, as to the quality of the article, is an express warranty. But it must appear that the warranty was given by the defendant to the plaintiff either