COMMONWEALTH BENEFICIAL ASSOCIATION, a corporation, d. b. a., *vs.* LOTTIE TRUSTY, p. b. r.

*Appeal from Justice of the Peace—Transcript—Indorsing —Summoning Respondent.*

1. The Prothonotary, when issuing the summons for respondent in an appeal from a Justice of the Peace, under *Section* 26, *Chapter* 99 *p.* 755, *Rev. Code*, must look to the face of the transcript for the names of the parties in the appeal, and not to the endorsement thereon.

2. When the entry of an appeal, made on docket of Justice of the Peace, shows that the person taking the appeal was not entitled thereto, not being a party to the suit, the appeal must be abated.

3.    When the corporate name of the defendant in a judgment, rendered by a Justice of the Peace, is "The Commonwealth Beneficial Association," an appeal cannot be taken by "Commonwealth Beneficial Association."

Del. case cited: *Lapham and Son vs. P., B. and W. R. R. Co.*, 4 *Penn.* 421.

> *Del. Statute, Rev. Code* (1893) 755, *Chap.* 99, *Sec.* 26.

> (*November* 15, 1909.)

Judges BOYCE and HASTINGS sitting.

*William F. Kurtz* for appellant.

*Harry P. Joslyn* for respondent.

Superior Court, New Castle County, November Term, 1909.

APPEAL from a judgment rendered by a Justice of the Peace (No. 145 September Term, 1908).

BOYCE, J., delivering the opinion of the Court:

The transcript in this case showed that the Justice entered a judgment in favor of Lottie Trusty, the plaintiff, against "The Commonwealth Beneficial Association," a corporation, the defendant, for one hundred and twenty-two dollars, debt and six dollars and forty-six cents cost of suit.

Counsel for defendant filed, in time, a duly certified transcript of all the docket entries in the case to the Prothonotary, but before doing so he made the following endorsement on the back thereof: "Lottie Trusty, p. b. r., vs. Commonwealth Beneficial Association, d. b. a.    Please file this transcript and issue summons to p. b. r. to September T. '09."

"W. F. KURTZ, *Atty. for d. b. a.*
To HERBERT L. RICE, *Pro'y.*"

The summons issued to the sheriff, summoning the respondent to appear and answer the appeal of "Commonwealth Beneficial Association," a corporation.    Counsel for the respondent

Opinion.

contended that the appellant was bound by the precipe of its counsel endorsed on the back of the transcript and that the appeal had not been taken by the defendant in the judgment.

*Section* 26 *Chapter* 99, *page* 755, *Revised Code*, provides that " It shall be the duty of the appellant to have the appeal entered in the Superior Court of the county where the judgment was given, on or before the first day of the term next after the appeal; and for this purpose, to deliver, a duly certified transcript of all the docket entries in the case to the prothonotary, who shall file the same, after indorsing thereon the day of receiving the same, and set down the appeal on his docket, with its date, and time of filing the transcript; and shall issue a summons to the sheriff, or if he is interested, to the coroner, for summoning the [respondent,] to appear and answer the appeal."

It is the opinion of the Court that the appellant was not bound by the precipe endorsed upon the transcript. Upon filing the transcript it was the duty of the Prothonotary to endorse thereon "the day of receiving the same, and set down the appeal on his docket with its date and time of filing the transcript," and "to issue a summons to the Sheriff, or if he is interested, to the Coroner, for summoning the respondent to appear, and answer the appeal."

The Prothonotary when issuing the summons as required, must look to the face of the transcript for the names of the parties in the appeal, and not to the endorsement made thereon.

The entry of the appeal made on the record in this case is as follows: "On this eleventh day of September, A. D. 1909, the said Commonwealth Beneficial Association appeals and George C. Hutton, becomes surety in the sum of two hundred dollars, that the said appeal shall be prosecuted with effect and also that any judgment which shall be rendered against the said Commonwealth Beneficial Association or its successors upon said appeal shall be satisfied."

It appears, therefore, that the summons properly issued and that the appeal was taken by " Commonwealth Beneficial Associa-

tion," and not by "The Commonwealth Beneficial Association," the defendant in the judgment. In other words, the corporation defendant in the judgment did not take the appeal.
*Lapham and Son vs. P., B. and W. R. R. Co.*, 4 *Penn.* 421.

The appeal is dismissed.