———o———

PERRY M. CULVER, GEORGE W. STRADLEY and GEORGE W. JONES, who have survived JOHN R. CORDREY, the said PERRY M. CULVER, GEORGE W. STRADLEY, GEORGE W. JONES and JOHN R. CORDREY, late trading under the firm name of GEORGE W. STRADLEY CANNING COMPANY vs. PHILADELPHIA, BALTIMORE and WASHINGTON RAILROAD COMPANY, a corporation of the State of Delaware.

1. ABATEMENT AND REVIVAL—DEMURRER—WAIVER.

After judgment on demurrer to the declaration, a plea in abatement is too late, except on leave of court for matter arising after commencement of the action, or without defendant's knowledge when demurrer was filed.

2. ABATEMENT AND REVIVAL—PLEADING OUT OF ORDER—ADMISSIONS.

A plea in bar or a demurrer generally admits that there is no foundation for a plea in abatement.

3. CORPORATIONS—PLEADING—IDENTIFICATION.

A corporation defendant is sufficiently identified by pleading its name, though the prefix "the" was omitted from the name.

(*February* 7, 1918.)

Judges Boyce and Conrad sitting.

*Daniel J. Layton, Jr.*, and *James M. Tunnell* for plaintiffs.

*Frank M. Jones* for defendant.

Superior Court, Sussex County, February Term, 1918.

Summons Case No. 10, June Term, 1917.

Action by Perry M. Culver and others, late trading as the George W. Stradley Canning Company, against the Philadelphia, Baltimore and Washington Railroad Company. On motion to strike out plea in abatement after judgment on general demurrer to the declaration. Motion allowed.

The docket entries to the time of making the motion were:

"Summons Case. Issued with copy, June 2, 1917, and directed to the Sheriff of New Castle County. Summoned personally Philadelphia, Baltimore and Washington Railroad Company, a corporation of the State of Delaware, by serving the within writ and delivering a copy thereof personally to George Gray, director of Philadelphia, Baltimore and Washington Railroad Company, a corporation, the president or other officers of said Philadelphia, Baltimore and Washington Railroad Company, a corporation as aforesaid, not residing in the State of Delaware on the fourth day of June, A. D. 1917. So Ans. Theodore W. Francis, Shff.

"1917, August 6. Narr. with copy filed; rule pleas. 1917, Sept. 10; Demurrer with copy filed. 1917, Sept. 10; The defendant enters 'joinder.' 1917, Oct. 8, Demurrer overruled, Judgment respondeat ouster. 1917, Nov. 5, Plea in abatement with copy filed."

It is said in the plea in abatement that the defendant is named and called *The* Philadelphia, Baltimore and Washington Railroad Company, a corporation of the State of Delaware.

Counsel for the plaintiff contended that after general appearance, and invoking the judgment of the court on a general demurrer, a mere misnomer of the defendant could not be relied on for the abatement of the action. It is a general rule that dilatory pleas must be pleaded at a preliminary stage of the suit. *Steph. Plead.* 378; 31 *Cyc.* 163.

The misnomer of a corporation, like that of an individual defendant, should be taken advantage of *in limine*, by plea in abatement, or it is waived. 6 *Thomp. Corp.* § 7613.

A general demurrer is pleading to the merits. After judgment of the court on the plaintiff's cause of action, it is too late to plead in abatement. *Paulk v. Tanner*, 106 *Ga.* 219, 32 *S. E.* 99; *Graham v. McCarty*, 69 *Tex.* 323, 7 *S. W.* 342; *Knowlton v. Culver*, 2 *Pin.* (*Wis.*) 86; 1 *Enc. Plead. & Prac.* 36; 1 *C. J.* 260.

A plea in abatement, being a dilatory plea, should be filed at the earliest practicable time, and should precede pleas to the merits of either law or facts. *Fisher v. Cook*, 125 *Ill.* 280, 17 *N. E.* 763; *Heilman v. Martin*, 2 *Ark.* 158.

The allowance of time to plead, as fixed by the rules of court, corresponds to the general imparlance as known in the early English common-law practice; so that after such an imparlance, the defendant cannot plead any matter in abatement.

Counsel for the defendant relied on the fact that the demurrer had been overruled, with judgment respondeat ouster entered, and on the case of *Kirwan Mfg. Co. v. Truxton*, 2 *Pennewill*, 48, 44 *Atl.* 427.

BOYCE, J., delivering the opinion of the court:

[1] The law has settled the order of pleadings. This order should generally be pursued. A demurrer to the declaration should not precede a plea in abatement. After a plea in bar to the action, or after a demurrer to the declaration and judgment by the court on the demurrer, a plea in abatement comes too late, except, it may be, by leave of the court, for matter arising after the commencement of the action, or for matter without the knowledge of the defendant, at the time of pleading in bar, or demurring to the declaration, as in the case of *Kirwan Mfg. Co. v. Truxton*, 2 *Pennewill*, 48, 44 *Atl.* 427.

[2, 3] A plea in bar or a demurrer generally admits that there is no foundation for a plea in abatement. Besides the identity of the defendant in this case is clear.

The motion to strike out the plea in abatement is allowed.