WILLIAM F. ALLEN *vs.* PHILADELPHIA, BALTIMORE and WASHINGTON RAILROAD COMPANY.

PARTIES—MISNOMER—AMENDMENT.

Where defendant corporation files plea in abatement for misnomer, plaintiff should be allowed to amend the declaration and record where the misnomer consists only in the omission of "the" from the name of defendant, where the defendant is clearly identified.

(*February* 8, 1918.)

Judges BOYCE and CONRAD sitting.
*Charles W. Cullen* for plaintiff.
*Frank M. Jones* for defendant.
Superior Court, Sussex County, February Term, 1918.

SUMMONS CASE No. 3, October Term, 1917.

Action by William F. Allen against the Philadelphia, Baltimore and Washington Railroad Company. On motion of plaintiff to amend name of defendant after plea in abatement. Amendment allowed.

After service of process and plaintiff had filed his declaration, a plea in abatement, based on the misnomer of defendant by the omission of "The" in the corporate name, was filed. At the succeeding term of court plaintiff moved to amend the record and declaration with respect to the name of the defendant as given by the plea in abatement. It was urged for plaintiff that since a mere misnomer is relied on to abate the writ, the amendment asked for is within the reasonable discretion of the court, and should be allowed. For the defendant, it was insisted that the amendment would in effect substitute a new party, contrary to the policy of the decisions in this state.

BOYCE, J., delivering the opinion of the court:

The matter in abatement set up by the plea in abatement is that the defendant is mis-named. As a general rule an action should not be abated on the ground of a mere misnomer, and especially so when, as in this case, the defendant is clearly identified. The plaintiff asks leave to amend by prefixing the word "The" before the name of the defendant as sued so that its right name given by the plea in abatement may appear on the record and in the pleadings. Since it is manifest that no prejudice will result, the amendment should be allowed.

It appears from the docket entries in the case of *Lapham and Son v. P., B. & W. R.*, 4 *Pennewill*, 421, 56 *Atl.* 366, though not shown in the report, that after the demurrer to the plea in abatement had been overruled, an amendment was allowed by striking out the word "The" from the name of the defendant as sued.

In the case of *Hughes v. Diamond Match Co.*, 1 *Pennewill*, 140, 39 *Atl.* 772, the action was against the defendant, mistakenly described as a corporation of the State of Connecticut instead of the State of Illinois. Plaintiff subsequently moved to amend his

Opinion.

declaration by striking out the word "Connecticut" wherever the same occurred therein, and substituting in lieu thereof the word "Illinois." The motion was disallowed for the reason, it was said, the amendment would make a new and distinct party.

Where a mere misnomer either of the plaintiff or defendant, such as in this case, is truly pleaded, the plaintiff may in general amend his declaration.    1 *Chit. Plead.* *463.

The motion to amend is allowed.