SAMUEL G. ELBERT, plaintiff in error, *vs.* WILMINGTON TURNGE-
MEINDE, a corporation of the State of Delaware, defendant
in error.

1. PARTIES—MISNOMER—PLEA IN ABATEMENT—AMENDMENT.
   Misnaming plaintiff or defendant in an action is ground for plea in
abatement, but not for defeating the action if the misnamed party is clearly
identified, in which case plaintiff will be allowed to amend.

2. PARTIES—MISNOMER—OBJECTION.
   A misnomer must always be pleaded, and in the settled order of pleading,
except for matter arising after commencement of the action, or without the
knowledge of defendant at the time of the pleading.

3. JUDGMENT—ARREST—MISNOMER OF CORPORATION.
   A corporation defendant cannot take advantage of a misnomer in arrest
of judgment but must plead it in abatement.

4. EVIDENCE—MISNOMER OF GRANTEE—EXTRINSIC EVIDENCE.
   In case of misnomer of a grantee, evidence aliunde the deed is competent
to identify the actual grantee.

5. CORPORATIONS—DEEDS—MISNOMER OF CORPORATE GRANTEE.
   Deed to "The Wilmington Turngemeinde" conveyed title to "Wilming-
ton Turngemeinde," the proper name of the corporation, since misnomer of
a corporate grantee does not defeat the grant if its identity is manifest and
the corporation accepts the deed as delivered.

(*June* 27, 1919.)

CURTIS, Chancellor, and BOYCE and CONRAD, Associate
Judges, sitting.

*James I. Boyce* (Robert H. Richards and James I. Boyce
on the brief) for plaintiff in error.
*William F. Kurtz* for defendant in error.
Supreme Court, June Term, 1919.

WRIT OF ERROR, No. 11, June Term, 1919, to Superior Court
for New Castle County.

Action by the Wilmington Turngemeinde, a corporation of
the state of Delaware, against Samuel G. Elbert. To review
judgment for plaintiff, defendant brings error. Affirmed.

This was an amicable action in covenant, docketed in the
court below, for breach of contract under seal by and between
the parties, for the sale of certain real estate situate in the city

of Wilmington.    It was argued before Judges Rice and Heisel on an agreed statement of facts filed, the material parts of which in substance are:

Henry Blouth and Joseph Rymski, owners, in fee simple, of certain lands and premises, did, on the twenty-fifth day of August, A. D. 1915, by their indenture, in which their wives respectively joined, grant and convey unto "The Wilmington Turngemeinde," a corporation of the state of Delaware, its successors and assigns, all that certain lot, piece or parcel of land, situate in the city of Wilmington, state of Delaware, particularly described, etc.    That at that time the said Wilmington Turngemeinde, the plaintiff, was intended to be the grantee and since then it has had possession of said lands and premises under a claim of ownership, and has paid all taxes assessed thereon, and has exercised all of the rights of ownership in fee of said lands and premises, and that title to same has not been claimed by any other corporation or person.

That Wilmington Turngemeinde, the plaintiff, was duly incorporated by special act of the Legislature of the state of Delaware, at Dover, February nineteenth, 1885 (*Laws* 1885, *c.* 698) and is now and has continued to be an existing corporation, under the laws of said state, since the said last-mentioned date. That the proper records of corporations in the state of Delaware do not disclose the existence of any corporation bearing the name or title "The Wilmington Turngemeinde," or any other similar name, except the plaintiff corporation.

On the seventh day of March, A. D. 1919, Wilmington Turngemeinde, the plaintiff, entered into a written agreement, under seal, with Samuel G. Elbert, the defendant, that it would, for the consideration therein mentioned, by good and lawful deed or deeds well and sufficiently grant, convey, and assure unto the said Samuel G. Elbert, his heirs and assigns, in fee simple, clear of all incumberances, etc., the said lands and premises therein designated and described.    That, on the seventh day of May, A. D. 1919, Wilmington Turngemeinde, the plaintiff, executed and tendered a deed purporting to convey the said lands and premises to Samuel G. Elbert, the defendant, and demanded

payment of the purchase money therefor. That the said defendant refused and declined to accept the said deed and to pay to the said plaintiff the purchase money, upon the ground that the said deed, if accepted, would not convey to him, the defendant, a good fee simple and marketable title to said lands and premises.

The court below found that the deed which was tendered by the plaintiff to the defendant would, if it had been accepted and received by the defendant, have conveyed to him a good fee simple and marketable title to the said lands and premises, and entered judgment in favor of the plaintiff.

The defendant took a bill of exceptions, and the finding of the court below is the only error assigned.

Counsel for the plaintiff in error pointed out the following Delaware cases which regard "the" as a vital part of the name of a corporation: *Lapham, etc., v. P., B. & W. R. R. Co.*, 4 *Pennewill*, 421, 56 *Atl.* 366; *Commonwealth Beneficial Association v. Trusty*, 1 *Boyce*, 64, 74 *Atl.* 559; *Culver et al. v. P., B. & W. R. R. Co.*, *ante*, 102 *Atl.* 980; and *Allen v. P., B. & W. R. R. Co.*, *ante*, 102 *Atl.* 985; and stated that because of these decisions it was deemed best to have the question raised in this case judicially determined.

Counsel for the defendant in error also cited the same cases, but urged that the general rule is that a misnomer does not invalidate a grant or conveyance to or by a corporation, or contract with it, if it appears therefrom, or can be established by parol evidence, that the corporation claiming the benefit thereof or denying liability thereunder, as the case may be, was the corporation intended. In *re Goldville Mfg. Co. of Goldville, S. C.* (*D. C.*) 118 *Fed.* 892, 896; *Clement v. Lathrop* (*C. C.*) 18 *Fed.* 885; *Commercial Bank v. French*, 21 *Pick.* (*Mass.*) 486, 32 *Am. Dec.* 280; *Thatcher v. West River Nat. Bank*, 19 *Mich.* 196.

BOYCE, J., after stating the facts as above, delivered the opinion of the court:

[1-3]  Misnaming the plaintiff, or the defendant, in an action is ground for plea in abatement, but not for defeating the action,

if the misnamed party is clearly identified. In such case the plaintiff will be allowed to amend. *Lapham, etc., v. P., B. & W. R. Co.*, 4 *Pennewill*, 421, 56 *Atl.* 366; *Culver et al. v. P., B. & W. R. Co., ante*, 102 *Atl.* 980; *Allen v. P., B. & W. R. Co., ante*, 102 *Atl.* 985. See, also, *M. B. Co. v. P. P. C. Co.*, 4 *Pennewill*, 90, 54 *Atl.* 687, wherein the defendant, appearing specially for the purpose, was allowed to file an affidavit of defense, though sued in wrong name. A misnomer must always be pleaded, and in the settled order of pleading, except for matter arising after the commencement of the action, or without the knowledge of the defendant at the time of pleading. *Culver et al. v. P., B. & W. R. R. Co., supra.* A corporation defendant cannot take advantage of a misnomer, in arrest of judgment, but must plead in abatement. 1 *Chit. Plead.* § 451. In *Commonwealth Beneficial Association v. Trusty*, 1 *Boyce*, 64, 74 *Atl.* 559, on appeal from a justice of the peace, the plaintiff below obtained a judgment against "The Commonwealth Beneficial Association," the defendant below. The entry of the statutory security required on appeal was on behalf of "Commonwealth Beneficial Association," and the appeal was docketed in the Superior Court in that name. Objection was made by motion to dismiss the appeal which was allowed, on the ground that the corporation defendant in the action before the justice did not take the appeal.

There appears to be no decision in this state upon the precise point involved in this case. But because of the former decisions of our courts to which reference has been made, it was suggested in the argument of counsel that the validity of the title of the defendant in error and of its right to convey a good fee simple title to the real estate in question should be judicially determined.

[4, 5] While in actions at law misnomers should be objected to by proper form of pleadings or proceedings, yet in regard to mistake in setting out the name in a deed, the rule is that if it can be ascertained from the deed who is intended, the deed is not vitiated by the mistake. The misnomer of a corporation as grantee in a deed is not sufficient to defeat the grant, if the identity is manifest and the corporation accepted the deed as delivered. In the absence of extrinsic circumstances, it is suf-

ficient if the grantee in the deed is expressed in the substance of the name of the corporation.

The question in this case stands the same as if the controversy was between Blouth et al., the grantors in the deed mentioned in the statement of facts, and "Wilmington Turngemeinde," plaintiff below, which has been in possession of the premises mentioned and described in said deed since the execution and delivery thereof. Under the agreed statement of facts the said deed, though made to "The Wilmington Turngemeinde," is effectual to convey the title to said premises to "Wilmington Turngemeinde," the obviously intended corporation grantee. In all such cases, evidence aliunde the deed is competent to identify the actual grantee.

Speaking generally, it is the opinion of the court that the inclusion or the exclusion of the word "the," where it is, or is not properly, a part of a corporate name, will not vitiate a grant of lands either to or by the corporation.

Under the facts of this case, it is manifest that Wilmington Turngemeinde, the plaintiff below, is the grantee in the said deed from Blouth et al., and the court below did not err in its finding.

It is the unanimous opinion of the court that the judgment below should be affirmed.