**Lee ATKINSON, Plaintiff,**

v.

**NORTH AMERICAN SMELTING CO., Inc.,
Defendant.**

Superior Court of Delaware,
New Castle.

July 31, 1968.

Victor F. Battaglia, Wilmington, for plaintiff.

Rodman Ward, Jr., and Robert G. Carey, Wilmington, for defendant.

OPINION

O'HORA, Judge.

This is an action for money damages as a result of alleged personal injuries sustained in an accident which occurred March 2, 1966. A motion has been filed on behalf of North American Smelting Company (hereinafter referred to as "Company") seeking to have the action dismissed, or, in the alternative, to quash the return of service. Plaintiff subsequently moved to amend the caption of the case by changing the name of the defendant from North American Smelting Co., Inc. to North American Smelting Company.

Plaintiff was employed for a firm engaged in repairing the roof of a building owned by a corporation named North American Smelting Company, Marine Terminal, Wilmington, New Castle, Delaware. In the course of this work plaintiff fell and sustained the injuries complained of in this action.

On February 29, 1968, two days before the expiration of the statute of limitations, plaintiff filed a complaint against a corporation entitled North American Smelting Co., Inc. No corporation with this exact name apparently exists. Nevertheless, "service" was made on the named defendant on March 20, 1968 by delivering a copy of the writ and complaint to the Secretary-Treasurer of Company. The motion to dismiss or quash the service was promptly filed thereafter and before any appearance made or answer filed on behalf of Company.

The gist of Company's position is that it has not been properly named nor served, that the service which in fact occurred is a nullity, and to permit an amendment now would deny Company the protection of the statute of limitations.

■ Company relies upon a series of Delaware decisions, most recently those found in Food Fair Stores Corporation v. Vari, 191 A.2d 257 (1963), and Martz v. Miller Brothers Company, 244 F.Supp. 246 (D.C.Del.1965). In both of these decisions, and others relied upon by Company, complaints had originally been filed against, and service had upon, existing corporations other than the one which should have been named. The decisions clearly establish the principle, under Delaware law, that in a statute of limitations situation, and absent a sufficient showing to excuse plaintiff's neglect in failing to serve the proper corporation, an amendment to the complaint will not be allowed to permit a new party to be brought into the litigation.

The distinction between the *Vari* and *Martz* situations, and the instant one, may seem insignificant. It is, in fact, crucial. In *Vari* and *Martz* the courts quite properly recognized that plaintiff was, in fact, attempting to substitute one existing entity for another, even though there were many practical, factual matters associating the differently entitled corporations. In the situation here presented we have, instead of different corporations involved, an error in the exact name of the corporation intended to be sued and served. The problem, therefore, is not one of substitution of parties but rather whether or not service has been had on the proper party notwithstanding the error in name.

■ The actual name used by plaintiff here in filing suit was Company's exact name, except that "Company" was shortened to "Co.", and "Inc." was added to the end. The fact that service was made upon an officer of Company, that its president was alleged in the complaint to be the president of the named defendant, that the further facts alleged, including the identification of the injuries as having taken place on a given date, on premises of defendant, etc., all served to bring to Company's attention the nature of the claim and that it was directed at it. Company could hardly assert that it did not receive clear notice of the claim filed against it within the period of the statute.

The problem presented here, rather than falling within the orbit of the *Vari* and *Martz* decisions, is more akin to those cases involving slight misnomers in pleadings in which the courts have concluded that, in fact, the real party in interest was served. Allen v. P. B. & W. R. R. Co., 7 Boyce 88 (1918); Culver v. Philadelphia, B. & W. R. Co., 7 Boyce 76, 102 A. 980 (1918); Elbert v. Wilm. Turngemeinde, 7 Boyce 355, 107 A. 215 (1919).

Company's final argument is that plaintiff, by moving to amend, appears to admit that the action is one against a non-existent corporation and, therefore, void. This suggestion falters under the weight of the dual burden of being unconvincing and authoritatively unsupported.

Plaintiff here has moved only to amend the caption of the case. Having concluded that proper service on Company has been made the Court will entertain an order amending not only the caption but the pleadings generally to reflect that the proper party defendant is Company.

For the reasons herein set forth the motion to dismiss or quash the service is denied and plaintiff's motion to amend is granted.

It is so ordered.