**Robert STROIK and Marie Stroik, his wife, Plaintiffs,**

v.

**John WANAMAKER and Motor Parts Service, Inc., Defendants.**

Superior Court of Delaware, New Castle.

Jan. 9, 1974.

Jay H. Conner, Conner, Daley & Erisman, Wilmington, for plaintiffs.

Warren B. Burt, Prickett, Ward, Burt & Sanders, Wilmington, for defendants.

TAYLOR, Judge.

Plaintiffs seek to recover for personal injuries to Mrs. Stroik when her automobile was involved in a one-car accident caused by a wheel coming off the automobile. Approximately three weeks prior to the accident, plaintiffs had had the brakes and wheel drums of the car replaced at an auto repair service station located adjoining the Wanamaker Department Store premises on Augustine Cut-Off, Wilmington, Delaware. The named defendants were "John Wanamaker", and "Motor Parts Service, Inc." John Wanamaker Philadelphia, Inc. [Wanamaker] has moved for summary judgment on the ground that the named defendant John Wanamaker is a nonexistent entity, and that John Wanamaker, by whatever name, was merely the landlord and owner of the premises where the service station operated and that in fact the service station was leased from Wanamaker and operated by Kelly-Springfield Tire Company Auto Center.

In support of its first position, Wanamaker has filed an affidavit asserting that its correct corporate name is "John Wanamaker, Philadelphia", and as such it owns and operates the retail department store at Augustine Cut-Off, and that it knows of no corporation named "John Wanamaker". Plaintiffs assert that service was made upon the Corporate Trust Company as resident agent of Wanamaker, whether the complaint misnamed defendant or not, that they have dealt with the department store on Augustine Cut-Off for at least ten years and have had a charge account in which the account named "John Wanamaker", and that in this instance, the bill for the repair work was in the name of "John Wanamaker".

Wanamaker relies upon the decision of the Delaware Supreme Court in Food Fair Stores Corporation v. Vari, Del.Supr., 191 A.2d 257 (1963) in which there were two corporations, one named "Food Fair Stores, New Castle, Inc.", and the other named "Food Fair Stores Corporation". Plaintiff was injured at a Food Fair store, but sued the wrong Food Fair corporation. When the error became known, plaintiff sought to amend the complaint to substitute the proper corporate name. However, inasmuch as the statute of limitations had run prior to the proposed substitution, the Court held that the substitution of a different corporate entity would not be permitted.

■ In contrast to *Vari*, here there is but one corporation. This is not an instance of confusion between the identity of two corporations. This Court has recognized that where the issue is merely of a misnomer, a motion to dismiss or quash service will not be granted in the face of a proposal to amend to correct the defect. Atkinson v. North American Smelting Co., Del.Super., 245 A.2d 436 (1968). 6 Fletcher Cyclopedia Corporations (Perm.Ed.) 197 § 2447 accepts this as a general proposition. The Delaware District Court recognized in Williams v. Pennsylvania R. Co., D.Del., 91 F.Supp. 652 (1950) that where it is clear who the intended party is, the name may be amended to reflect the correct name of the party intended, where there are no facts or circumstances which render that result inappropriate, particularly where the relationship of the parties was such as to lead to the confusion of name.

■ In its motion, Wanamaker seeks to hold plaintiffs to a degree of exactitude which it has ignored in its relations. Wanamaker, in its dealings with plaintiffs, has used the abbreviated name "John Wanamaker". In its answers and in its subsequent pleadings in this proceeding, Wanamaker has used the name "John Wanamaker Philadelphia, Inc.". An affidavit by Wanamaker's treasurer with its initial brief, states that the correct corporate name of the corporation is "John

Wanamaker, Philadelphia". Throughout this litigation, which was commenced September 27, 1972, Wanamaker has been an active participant. Here, no fact has been shown to bar the proposed change of name on the ground of unfairness.

It is noted that Rule 15(c) of the Civil Rules of this Court, Del.C.Ann., even permits the party to be changed and the change to relate back to the original pleading if the party to be brought in has such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. See Scalise v. Beech Aircraft Corporation, D.Del., 47 F.R.D. 148 (1969). Even if this be treated as the substitution of a party, the requisites of Rule 15(c) are met.

■ Wanamaker also seeks summary judgment on the ground that the alleged defective work was done by Kelly-Springfield Tire Company and not by Wanamaker. In support of this position, Wanamaker asserts by the affidavit of its treasurer, (1) that Wanamaker leased space in its building at the Augustine Cut-Off in Wilmington, Delaware to the Kelly-Springfield Tire Company, which, through a subsidiary, operated an auto center, (2) that Wanamaker issued no warranties in connection with the work performed by Kelly-Springfield, (3) that the agents, servants and employees of Kelly-Springfield performed no service as agents, servants and employees of Wanamaker, except that Wanamaker acted as billing agent for Kelly-Springfield and presented its charges on John Wanamaker, Philadelphia bills, (4) that except with respect to lease of space and acting as billing agent, "there was no other connection between John Wanamaker, Philadelphia and Kelly-Springfield." In response to that affidavit, plaintiffs filed an affidavit stating that they have dealt with Wanamaker for at least ten years and have a charge account with Wanamaker, and that when the work was done on their car, "no mention was ever made of Kelly-Springfield performing the work or being involved in any wa[y] as an independent contractor", and that "plaintiffs believed that the work was being performed by the employees or agents of John Wanamaker, especially when plaintiffs paid for the services with their John Wanamaker charge plate, and only John Wanamaker's name appeared on the bill."

Plaintiffs in their complaint allege that the work was done by Wanamaker. In their brief in response to the affidavit filed by Wanamaker, plaintiffs contend that this case should be governed by the law applicable to an agent acting for an undisclosed principal. They contend that by actions, Wanamaker gave sufficient indicia of its being involved in the conduct of this business to support the conclusion that it was participating in the business as agent or otherwise.

Essential elements of evidence have not been sufficiently established or exhausted to permit disposition of this matter on this motion for summary judgment. 6 Moore's Fed.Pr. 2421–9, § 56.15[b]. Testing the bare conclusory statements contained in the affidavit of Wanamaker's treasurer against the affidavit of plaintiffs, the Court concludes that Wanamaker has not shown an absence of fact controversy or of inferences therefrom which would support plaintiffs' position. Ebersole v. Lowengrub, Del.Supr., 4 Storey 463, 180 A.2d 467 (1962); Murphy v. T. B. O'Toole, Inc., Del.Super., 8 Terry 99, 87 A.2d 637 (1952); Phillips v. Delaware Power and Light Co., Del.Supr., 216 A.2d 281 (1966); Behringer v. William Gretz Brewing Co., Del.Super., 3 Storey 365, 169 A.2d 249 (1961); Woodcock v. Udell, Del.Super., 9 Terry 69, 97 A.2d 878 (1953).

It is not necessary for the Court to determine at this stage whether Wanamaker might be held liable upon a theory of undisclosed agency, estoppel, or otherwise. It

is sufficient to hold that Wanamaker has not sustained its burden to warrant the granting of summary judgment.

Wanamaker's motion for summary judgment is denied, and plaintiffs are granted leave to amend the complaint to substitute the correct corporate name of Wanamaker as stated in the affidavit of Wanamaker's treasurer; namely, John Wanamaker, Philadelphia.

It is so ordered.