Thomas R. MULLEN, D.M.D., individually, as Executor of the Estate of Jill R. Mullen, deceased, as Administrator of the Estates of Erin B. Mullen, deceased, and Thomas C. Mullen, deceased, and as Next Friend of Craig T. Mullen, a minor, Plaintiff Below, Appellant,

v.

ALARMGUARD OF DELMARVA, INC., a Maryland corporation, Donald Edwin Williams, and Theresa G. Williams, Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: March 16, 1993.
Decided: June 2, 1993.

Walter L. Pepperman, II (argued), and Karen L. Pascale, Morris, Nichols, Arsht & Tunnell, Wilmington, and Michael J. Rich, Twilley, Street, Rich & Braverman, Dover (Christopher C. Fallon, Jr., Cozen & O'Connor, Philadelphia, PA, of counsel), for appellant Thomas R. Mullen, D.M.D.

Richard D. Levin, Connolly, Bove, Lodge & Hutz, Wilmington (David N. Zeehandelaar (argued), Bolger, Picker, Hankin & Tannenbaum, Philadelphia, PA, of counsel), for appellee Theresa G. Williams.

Before MOORE and WALSH, JJ., and BERGER, Vice Chancellor (sitting by designation pursuant to Del. Const. art. IV, § 12).

WALSH, Justice:

In this interlocutory appeal from the Superior Court, we examine the basis for permitting a plaintiff to amend his complaint to add an additional defendant after the period of limitations has expired. The Superior Court ruled that such an amendment relates back under Superior Court Civil Rule 15(c) only where there is a mistake concerning the identity of an original defendant and that the subjective knowledge of the party sought to be added concerning the mistake is irrelevant. We hold that misconception of identity of parties within the meaning of Rule 15(c) extends to additional parties as well as named, original parties. We also conclude that the party sought to be added in this case knew or should have known that a mistake was made concerning her identity and but for that mistake she would have been joined as a defendant within the period of limitations. Accordingly, we find the proposed amendment properly to relate back under Rule 15(c) and reverse the judgment of the Superior Court.

## I

The underlying action arises from a house fire which occurred on November 23, 1988 in Laurel, Delaware. At the time of the fire, the house was owned by Thomas R. Mullen ("Mullen") and his wife Jill R. Mullen. The Mullens and their three chil-

dren were trapped in the fire, resulting in the death of Mrs. Mullen and two of their children. Mullen and one son escaped with injuries.

On September 7, 1990, Mullen, for himself and in various representative capacities, brought an action for property damage, personal injury and wrongful death in the United States District Court for Delaware ("the federal action"). Named as defendants in the federal action were certain entities who had designed, sold, and installed a fire alarm system in the Mullen home which allegedly had failed to function. The named defendants included Alarmguard of Delmarva, Inc. ("Alarmguard"), a Maryland corporation, Donald E. Williams ("Mr. Williams"), the sole shareholder and president of Alarmguard, and Scantronic U.S.A., Inc., a New Jersey corporation, the manufacturer of certain electrical components of the fire alarm system. After the filing of the federal action, it was discovered that Scantronic U.S.A., Inc. had subsequently been merged into a Delaware corporation, thus precluding complete diversity. Mullen thereupon determined that it would be necessary to dismiss the federal action and refile his claim in the Superior Court.

Because of the impending running of the two year statute of limitations for the personal injury and death claims, Mullen obtained an order from the federal court, permitting the taking of a limited deposition of Mr. Williams. This deposition took place on November 16, 1990, seven days before the expiration of the limitations period. Theresa G. Williams ("Mrs. Williams") was present during the deposition of her husband. Prior to questioning, Mr. Williams, counsel for Mullen, announced that the deposition was "being taken for the purposes of determining whether there are other parties who should be brought into this case or a separate case prior to the expiration of the statute of limitations on November 23, I think it is, 1990."

Mr. Williams was examined extensively concerning his duties as an officer and employee of Alarmguard in general and his specific activities in relation to the installation of the fire alarm system in the Mullen residence. When asked to describe the role played by his wife in Alarmguard's business, Mr. Williams testified that his wife was Vice President and Secretary of the company but that her duties were confined to the overseeing of inventory. He specifically denied that his wife made any decisions concerning the selection of components for the alarm systems installed by his company.[1]

Apparently satisfied with Mr. Williams' testimony, in his wife's presence, that Mrs. Williams played no role in the selection of components or was otherwise involved in sale of the fire alarm system, Mullen refiled his action in the Superior Court against the original defendants in the federal action. In July 1991, in the course of pretrial discovery, Mullen deposed a current Alarmguard employee who testified that one of Mrs. Williams' responsibilities at Alarmguard was, and had always been, the approval of sales contracts. In a separate deposition, a former employee of Alarmguard testified that all alarm protection contacts required the approval of Mrs. Williams. Additionally, this witness claimed that Mrs. Williams determined the type of wire to be installed in alarm sys-

---

1. The following exchange between Mullen's counsel and Mr. Williams illustrates the witness' description of his wife's duties:

Q. Can you be more specific with that? Let me give you an example. Does your wife purchase the inventory?
A. She oversees that, yes, sir.
Q. So she supervised the purchase of inventory?
A. Yes.
Q. Does she supervise the selection of the componentry that is to be purchased?
A. No, sir.
Q. Who does that?
A. Myself.
Q. Do you then direct your wife in the purchase of the supplies?
A. Yes, sir.
Q. The inventory?
A. Yes, sir.
Q. Does your wife make decisions with regard to what componentry is to be placed into systems that are being installed at your customers' locations?
A. No, sir.
Q. Who makes those decisions?
A. Myself. I would decide what components.

tems and, in fact, Mrs. Williams made the decision to use a less expensive, non-insulated wire in the Mullen contract.[2]

On July 30, 1991, Mullen filed a motion pursuant to Superior Court Civil Rule 15 ("Rule 15") for leave to file an amended complaint joining Mrs. Williams as a defendant, with the amendment relating back to the date of the original complaint. Mullen claimed that Mrs. Williams was aware at the time of her husband's deposition that plaintiff was mistaken concerning her role in the Mullen fire alarm contract and but for that mistake Mrs. Williams would have been named as a defendant in the original complaint filed in the Superior Court. Mullen also argued that Mrs. Williams' conduct should estop her from asserting a statute of limitations defense. Mrs. Williams opposed the motion, contending that Rule 15 did not permit the adding of an additional defendant after the statute of limitations had expired.

The Superior Court denied Mullen's motion to amend the complaint to add Mrs. Williams as a defendant. It ruled that the "mistake concerning identity" provision of Rule 15(c) does not apply to a situation where there was a failure to identify a defendant before the statute of limitations had expired. The Court further concluded that "the objective evidence" did not establish that Mrs. Williams knew or should have known that she was a defendant before the statute of limitations passed, and that "Rule 15(c) may not be used in a situation where a person's subjective knowledge is called into play." *Mullen v. Alarmguard of Delmarva, Inc.*, Del.Super., C.A. No. 90C–11–40–1–CV, Graves, J., 1992 WL 302278, (Sept. 18, 1992). The Court further ruled that Mrs. Williams conduct did not estop her from asserting a statute of limitations defense.[3]

In view of the importance of the ruling to the further course of litigation, the Superior Court certified, and this Court accepted, review under Supreme Court Rule 42 of the question of whether the proposed amendment to the complaint should be permitted under Rule 15 with relation back to the time of the filing of the original complaint.

## II

■ Generally, a trial court's order permitting or refusing an amendment to a complaint is reviewable only for abuse of discretion. *Mergenthaler, Inc. v. Jefferson*, Del.Supr., 332 A.2d 396, 398 (1975). Here, however, the Superior Court ruled that Rule 15's relation back provision did not apply to the undisputed circumstances prompting Mullen's attempt to amend. The issue thus posed, the application of the rule to undisputed facts, is one of law, subject to plenary review. *Rohner v. Neimann*, Del.Supr., 380 A.2d 549, 552 (1977).

Superior Court Rule 15 is virtually identical to its counterpart in the Federal Rules of Civil Procedure. Rule 15(a) which confers the basic entitlement to amendment provides:

Rule 15. AMENDED AND SUPPLEMENTAL PLEADINGS.

(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time re-

---

**2.** One of the claims in the original complaint was the alleged negligence of Alarmguard and/or its employees in the use of defective or non-standard wire in the alarm system installed in the Mullen house.

**3.** Although the Superior Court refused to permit amendment of the complaint to add Mrs. Williams as a defendant on the personal injury and death claims, the amendment was permitted as to the property claims because the longer period of limitations as to that claim had not expired.

maining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the Court otherwise orders.

■ Although Rule 15(a) permits a party to amend a pleading without leave of court within certain narrow limits, the decisional law interpreting the rule has most often addressed the circumstances in which court approval has been required. Rule 15(a) applies equally to plaintiffs and defendants for any purpose relating to the pleadings. 3 Moore's Federal Practice ¶ 15.08[3] (1993). The rule directs the liberal granting of amendments "when justice so requires." Rule 15(a). In the absence of prejudice to another party, the trial court is required to exercise its discretion in favor of granting leave to amend. *Ikeda v. Molock*, Del.Supr., 603 A.2d 785 (1991). Delay alone is not a sufficient basis to deny amendment of the pleadings, *Chrysler Corp. v. New Castle County*, Del.Super., 464 A.2d 75 (1983), although inexcusable delay and repeated attempts at amendment may justify denial. *Laird v. Buckley*, Del. Supr., 539 A.2d 1076 (1988); *H & H Poultry Co., Inc. v. Whaley*, Del.Supr., 408 A.2d 289 (1979).

■ Rule 15(a) affords the parties the right, *inter alia*, to state additional claims, to increase the amount of damages sought, to establish additional defenses and to change the capacity in which the action was commenced. 6 Wright, Miller & Kane, Federal Practice and Procedure § 1474 (1990); 3 Moore's Federal Practice ¶ 15.-08[3]. A motion to amend under Rule 15(a) may also be used to add, substitute or drop parties. 6 Cyclopedia of Federal Procedure § 18.27 (3d ed. 1988). A motion to amend for the purpose of adding or substituting a party often occurs in the case of misnomer or where there is an identity of interest between an existing party and the party to be added. *See Stroik v. John Wanamaker*, Del.Super., 315 A.2d 606 (1974). But the reach of Rule 15(a) may extend to bring in separate entities, not originally named as defendants, and to permit such amendment after the statute of limitations has expired if the requirements of Rule 15(c) are satisfied. *Mergenthaler, Inc. v. Jefferson*, 332 A.2d 396; *Annone v. Kawasaki Motor Corp.*, Del.Supr., 316 A.2d 209 (1974). Thus, the focus of this controversy is the proper interpretation of Rule 15(c).

Superior Court Rule 15(c) provides:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

■ Notwithstanding the general liberal policy toward amendments imparted by Rule 15, a motion to add or substitute a party after the statute of limitations has run must be denied if it fails to satisfy the requirements of Rule 15(c). *Mergenthaler, Inc. v. Jefferson*, 332 A.2d at 398. Similarly, "leave to amend which would otherwise be freely given [under Rule 15(a) ] *may and should be given* with a relation-back consequence if the requirements of Rule 15(c) are met." *Annone v. Kawasaki Motor Corp.*, 316 A.2d at 211 (emphasis added).

■ Rule 15(c) neither expands nor contracts the scope of amendments available under Rule 15(a). Rule 15(c) does establish a series of requirements that must be satisfied if the movant wishes to render the amendment effective as of the time of the filing of the original complaint. Here the amendment sought by Mullen would have the effect of charging Mrs. Williams with the same tortious conduct as that of the

other defendants at the time the action was first filed in the Superior Court.

In its decision, the Superior Court rejected the amendment without determining whether Rule 15(c) was satisfied, since it concluded that the rule simply did not apply. In our view, this was legal error. Had the Superior Court applied Rule 15(c), under the following analysis, the amendment would have been deemed clearly permissible.

Whether a proposed amendment satisfies the requirements of Rule 15(c) is at the trial court's discretion. *Annone v. Kawasaki Motor Corp.*, 316 A.2d 209. The trial court, however, cannot "bend the clear language of a Rule." *Mergenthaler, Inc. v. Jefferson*, 332 A.2d at 399. In order for an amendment adding or substituting a party after the running of the statute of limitations to be related back to the filing date of the action, three conditions must be satisfied:

(1) the claim or defense asserted in the amended pleading arose out of the same conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading;

(2) within the period provided by law for commencing the action against the party (*i.e.*, the statute of limitations), the party to be brought in by the amendment received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; and

(3) within the period provided by law for commencing the action against the party, the party to be brought in by the amendment knew or should have known that but for a mistake concerning the identity of the party the suit would have been brought against the party.

Super.Ct.Civ.R. 15(c).

"Since its inception,[4] Rule 15(c) has allowed relation back of a claim or defense that 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' " 6 Moore's Federal Practice ¶ 15.15[3.–3].

No general principle of law has been better settled than that an amendment setting up a new cause of action will not relate back to the date of the original pleading, but will be governed by its own date, and an amendment will not be allowed if it introduces a new cause of action which as an independent proceeding would be barred by a statute of limitations. It is equally true, on the other hand, that if the amendment merely expands or amplifies what was alleged in the support of the cause of action already asserted, it relates back to the commencement of the action, and is not affected by the intervening lapse of time.

6 Cyclopedia of Federal Procedure § 18.47.

The cause of action concept embodied in Rule 15(c) has been broadly defined to require simply that there be fair notice of the general fact situation out of which the claim or defense arose. *Di Fonzo v. Robelen Piano Company*, Del.Super., 144 A.2d 247 (1958). If the specific conduct of a party sought to be added is related to the events alleged in the original complaint, a sufficient nexus may be said to exist. Thus, the mere fact that the amendment changes the legal theory on which the action was originally brought is of no consequence if the factual situation upon which the action depends remains the same. *Vadala v. Henkels & McCoy, Inc.*, Del.Super., 397 A.2d 1381 (1979).

The second requirement for relation back under Rule 15(c) is that, within the applicable statute of limitations, the party to be brought in by the amendment received such notice of the institution of the action that the party to be added will not be prejudiced in defending the action on the merits. This Court has commented specifically on what constitutes notice of the institution of the action:

4. The Superior Court Civil Rules, including Rule 15, were adopted in 1948. Until 1967, the relation back of all amendments, including those changing parties, was governed solely through the "arising out of the same conduct transaction, or occurrence" test. In 1967, Rule 15(c) was amended, adding the additional notice requirements listed above.

It seems clear to us that the Rule requirements are directed to both time and content; thus as to "time," notice must be given within the period provided by law for commencing the action—and that can only mean the limitations period; as to "content," the notice must be given of the "institution of the action," and that can only mean the lawsuit, not merely of a claim or allegation.

While 15(c) affords no room for construction as to either the meaning of "institution of the action" or application of the time requirement, the spirit of the Rules permits liberality of construction as to the type or quality of the notice. The Rule is silent on that point. The Rules Advisory Committee Notes state that such notice ". . . need not be formal," we agree. And certain it is that notice by service of process is not mandated, and it may not even have to be in writing.

*Mergenthaler, Inc. v. Jefferson*, 332 A.2d at 398 (citations omitted).

■ In judging whether the party to be added has received adequate notice of the institution of the action, it is helpful to recall the purpose of the notice requirement. This requirement "ensures that the new party receive sufficient notice of the proceeding to satisfy the limitations policy." 3 Moore's Federal Practice ¶ 15.15[4.-2]. In other words, "a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice the statute of limitations are intended to afford." *Id.* at ¶ 15.15[2].

■ The final requirement for relation back under Rule 15(c) is that, within the applicable statute of limitations, the party to be brought in by the amendment knew or should have known that but for a mistake concerning the identity of that party the suit would have been brought against the party. This final requirement makes it "clear that relation back is limited to situations where 'but for a mistake concerning the identity' the proper party has not been sued." 3 Moore's Federal Practice ¶ 15.-15[4.-2].

■ As noted earlier, relation back is not limited to cases of misnomer. *Stroik v. John Wanamaker*, 315 A.2d at 608. It also applies to the addition, removal and substitution of previously uninvolved parties. *Id.* In addition, the old rule established in *Food Fair Stores Corp. v. Vari*, Del.Supr., 191 A.2d 257 (1963), that the party seeking amendment had to show evidence of excusable neglect or that it had been misled no longer applies. *Annone v. Kawasaki Motor Corp.*, 316 A.2d at 210–211. The only relevant inquiry is whether the party to be added knew or should have known of the mistake. *Id.* Whether the party to be added and existing parties have an identity of interest is only relevant as evidence of whether the party to be added knew or should have known of the mistake. 3 Moore's Federal Practice ¶ 15.15[4.-2]. Finally, to the extent issues of dilatory conduct on the part of the movant arise they are to be resolved under the terms of Rule 15(a), not Rule 15(c). *Id.* If all three conditions are satisfied the amendment will relate back.

■ As the Superior Court determined, there is no dispute concerning the first two elements required to satisfy Rule 15(c)'s relation back standard. The claim sought to be asserted against Mrs. Williams through the amended complaint is directed to the same occurrence, the Mullen fire and its consequences, as that set forth in the original complaint. Nor is there any basis to question the sufficiency of the notice received by Mrs. Williams that an action had been instituted against the company of which she was an officer and an employee, as well as against her husband, for the fire claims. At the time of her husband's deposition, seven days before the running of the two year period of limitations, if not earlier, Mrs. Williams was fully cognizant of the pendency of the Mullen litigation. There is no suggestion that the notice received at that time was deficient so as to prejudice her subsequent ability to defend against the merits of the Mullen litigation. Both in timing and content, Mrs. Williams received direct, albeit informal, notice of the institution of the Mullen action sufficient to satisfy the liberal construction of

Rule 15(c). *Mergenthaler, Inc. v. Jefferson,* 332 A.2d at 398.

The critical element in the relation back analysis is whether Mrs. Williams knew, or should have known, that she would have been made a party to the original complaint but for Mullen's mistake concerning her identity as a potential defendant. In its initial decision, which denied the motion to amend, the Superior Court ruled that Mrs. Williams was not put on notice that her approval of the Mullen contract rendered her a participant subject to suit in the original complaint. The Court noted that "it is Theresa Williams refusal to purchase fire wire which is important, and plaintiffs obtained this information after the statute of limitations had run." *Mullen v. Alarmguard of Delmarva, Inc.,* Del.Super., C.A. No. 90C–11–40–1–CV, Graves, J., slip op. at 13, 1992 WL 114040 (May 20, 1992). Viewing these circumstances as a failure to make timely discovery, the Superior Court ruled that a Rule 15(c) amendment cannot be used to remedy such failure in disregard of the statute of limitations. In effect, the Court ruled that Mrs. Williams subjective knowledge was not a factor in the Rule 15(c) analysis.

In a second opinion, denying reargument, the Superior Court, in reliance on an earlier unreported Superior Court decision, provided an alternative basis for rejecting the proposed amendment—that the "mistake concerning identity" provision of Rule 15(c) does not apply to an attempt to add a party after the statute of limitations has run. *Mullen v. Alarmguard et al.,* Del.Super., C.A. No. 90C–11–40–1–CV, Graves, J., 1992 WL 302278 (Sept. 18, 1992).

In our view, the Superior Court erred in both aspects of its analysis. The court's treatment of Mrs. Williams subjective state of mind was directed to Mullen's estoppel argument, a separate basis for avoidance of the statute of limitations and distinct from the mistake element under Rule 15(c). Mrs. Williams state of mind is clearly relevant to the question of whether she was aware at the time of her husband's deposition that the plaintiff was mistaken as to her role in the execution of the Mullen contract. Moreover, as the party sought to be added, Mrs. Williams awareness that but for the plaintiff's mistaken belief she would have been named as an original defendant is a required finding under Rule 15(c).

Here, at a minimum, knowledge of the mistake concerning her status must be imputed to Mrs. Williams. The announcement at the beginning of the deposition that the purpose of the questioning of Mr. Williams was to ascertain whether other persons should be added as defendants within the period of limitations charges Mrs. Williams with knowledge that the subsequent erroneous and misleading answers of her husband created a mistaken impression of her role in the transaction then in litigation.

The Superior Court's alternative rationale for its holding that Rule 15(c) could not be the basis for the addition of Mrs. Williams as a party after the running of the statute of limitations is erroneous as a matter of law. As previously noted, the adding of parties is not limited to cases of misnomer. Additional entities may be added as parties under Rule 15(c) after the running of the period of limitations "if the requirements of Rule 15(c) are met." *Annone v. Kawasaki Motor Corp.,* 316 A.2d at 211. The entity sought to be added may or may not share some element of identity with an original party and the extent of such sharing may determine whether the added party received "notice of the mistake" within the period of limitations. But the addition of a party under Rule 15(c) is not limited to misidentification of existing parties. 6 Cyclopedia of Federal Procedure § 18.27. The addition of Mrs. Williams through an amendment to the complaint, after the statute of limitations had expired, was permissible so long as the conditions of Rule 15(c) were met. Thus, we hold that it was error not to permit the amendment.

### III

Mrs. Williams argues that the Superior Court's denial of the motion to amend the complaint should be upheld because Mullen was dilatory in not attempt-

ing to discover the full extent of Mrs. Williams involvement until seven days before the statute of limitations had expired and in not actually learning of contrary facts until seven months after the statute had expired. However, if Mr. Williams had been candid and forthcoming in his deposition and Mrs. Williams not acquiesced in his representations through her silence, Mrs. Williams could have been added as a defendant before the period of limitations had expired. A party is entitled to use the full period of limitations to initiate suit and a complaint filed on the last day is as valid as one filed at any time earlier. Here, Mullen sought to amend his complaint as soon as he learned through another source the full extent of Mrs. Williams' involvement and her awareness of his mistaken belief to the contrary.

Mullen has also appealed the Superior Court's alternative ruling that Mrs. Williams should not be estopped from asserting the statute of limitations because her husband, with whom she shares an identity of interest, may have misled Mullen concerning his wife's participation in the installation of the fire alarm system. The estoppel claim, however, forms a separate basis for permitting the amendment and, since we have determined as a matter of law that the amendment should have been granted under Rule 15(c), it is unnecessary to consider this contention.

The judgment of the Superior Court is REVERSED and the matter REMANDED for further proceedings consistent with this opinion.