# SUPERIOR COURT
# OF THE
# STATE OF DELAWARE

**MARK H. CONNER**
**JUDGE**

**Sussex County Courthouse**
**1 The Circle, Suite 2**
**Georgetown, DE 19947**

May 15, 2024

Aaron E. Moore, Esq.
M. Claire McCudden, Esq.
MARSHALL DENNEHEY, P.C.
Wilmington, Delaware 19899
*Attorneys for Defendant Fisher*
*Architecture, LLC.*

Edward Seglias, Esq.
COHEN, SEGLIAS,
PALLAS, GREENHALL &
FURMAN, P.C.
Wilmington, Delaware 19801
*Attorney for Plaintiff Lost in*
*Rehoboth, LLC.*

Eric Scott Thompson, Esq.
Franklin & Prokopik
800 Creek View Road, Suite 300
Newark, Delaware 19711
*Attorney for Defendant Broadpoint*
*Construction, LLC*

> RE:  Lost in Rehoboth, LLC v. Broadpoint Construction, LLC and Fisher
>      Architecture, LLC
>      C.A. No. S21C-03-021 MHC

Dear Counsel,

Before the Court are two motions that will each be addressed in turn. The first motion is Defendant, Broadpoint Construction, LLC's ("Broadpoint"), motion to strike demands for a jury trial. The second motion is Defendant, Fisher Architecture, LLC's ("Fisher"), motion for leave to amend its answer and counterclaims.

## Relevant Factual History

The relevant facts can be summarized as follows. Plaintiff, Lost in Rehoboth ("LIR"), entered into a contract with Broadpoint for the construction of a restaurant on Rehoboth Avenue. The LIR-Broadpoint contract contained a jury waiver provision. Broadpoint subcontracted architectural work on the construction project to Fisher. The Broadpoint-Fisher contract contained a clause indemnifying Fisher.

For reasons irrelevant to the present motion, LIR commenced legal action against Broadpoint and Fisher with no demand for a jury. Fisher Architecture filed its answer with no demand for a jury and no assertion of a crossclaim against Broadpoint for common law contribution and indemnity. Broadpoint filed its answer demanding a jury trial and asserting cross claims against Fisher. On May 28, 2021, Broadpoint filed a Third-Party Complaint against Delaray Foundations ("Delaray") demanding a jury trial. On November 22, 2021, Delaray filed a motion to dismiss demanding a jury trial. Broadpoint then filed a response in opposition to Delaray's Motion to Dismiss again demanding a jury trial on December 17, 2021.

## Broadpoint's Motion to Strike

The issue of a right to a jury trial was first raised when Broadpoint filed a motion to strike demands for a jury trial on March 3, 2023. Delaray filed a response in opposition on March 7, 2023. LIR also filed a response in opposition on March 9, 2023.

In the past 14 months much has changed in the posture of this matter. Delaray is no longer a party to this litigation, discovery has commenced, and attempts at mediation have failed to name a few. Therefore, I am requesting additional briefing on the issue of a right to a jury trial considering the contractual provisions and inconsistent positions of the parties. Please provide simultaneous briefing by June 28, 2024.

## Fisher's Motion for leave to Amend

On December 21, 2023, Fisher filed a motion for leave to amend its answer and counterclaims. Fisher seeks to amend its answer to add a crossclaim for common law contribution and indemnity against Broadpoint. Neither Broadpoint nor LIR have responded to this motion.

Superior Court Civil Rule 15(a) provides that "leave shall be freely given when justice so requires."[1] Absent prejudice to another party "the trial court is required to exercise its discretion in favor of granting leave to amend."[2] Although undue delay may be cause for denial of a motion to amend, it alone is insufficient to deny amendment of pleadings.[3] "In determining whether to grant a party's motion for leave to amend, this Court will balance the hardship encountered by the moving

---

[1] Del. Super. Ct. Civ. R. 15

[2] *Mullen v. Alarmguard of Delmarva, Inc.,* 625 A.2d 258, 263 (Del. 1993) (citing *Ikeda v. Molock*, Del.Supr., 603 A.2d 785 (1991)).

[3] *Parker v. State*, 2003 WL 24011961, at *3 (Del. Super. Ct. Oct. 14, 2003).

party if such motion is denied against the prejudice suffered by the adverse party if such motion is granted".[4]

The absence of a response by any party, including Broadpoint, to this motion is indicative of its potential prejudice. Therefore, given the courts wide latitude to freely grant such motions for leave and the minimal prejudice that will befall the other parties, namely Broadpoint, I hereby **GRANT** Fisher's motion to amend. The proposed Order supplied with the motion will be signed.

**IT IS SO ORDERED.**

*/s/Mark H. Conner*
Judge Mark H. Conner

via File & Serve
xc: Prothonotary

---

[4] *Wilson v. Wilson*, 2005 WL 147942, at*1 (Del. Super. Ct. Jan. 14, 2005).