## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

LADOSHA COVERDALE,                      )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        C.A. No: CPU4-19-002673
                                        )
ANTWINE WITCHER, Individually and )
As Agent for CORIN DAVIS and DEAN )
DAVIS; CORIN DAVIS individually    )
And as Agent for DEAN DAVIS,           )
                                        )
        Defendant.                      )

Reserved: August 3, 2020
Decided: December 3, 2020

Joseph J. Longobardi, III, Esquire
M. Jean Boyle, Esquire
Longobardi & Boyle, LLC
1700 Augustine Cut Off
Wilmington, DE 19803
(302) 575-1502
*Attorneys for Plaintiff*

Theordore J. Selgletes, III, Esquire
3 Mill Road, Suite 301
Wilmington, DE 19806
(302) 777-0100
*Attorney for Defendants*

## ORDER REGARDING RELATION BACK OF CLAIMS AGAINST ANTWINE WITCHER

**HORTON, J.**

## FACTUAL AND PROCEDURAL HISTORY

On July 9, 2019, Ladosha Coverdale ("Coverdale") filed a Complaint against Dean Davis ("Dean"), alleging that on July 9, 2017, Dean was operating a vehicle when it collided with Coverdale and, as a result, Coverdale incurred medical expenses and other damages.

On September 30, 2019, Dean filed a Motion to Dismiss along with an affidavit stating that he was not operating the vehicle at the time the alleged collision occurred; rather, he had loaned it to his daughter, Corin Davis ("Corin"), who in turn allowed her friend, Antwine Witcher ("Witcher") to drive the car at the time of the accident.[1] On October 15, 2019, Coverdale filed an Amended Complaint seeking to add Corin and Witcher as defendants. A hearing on both motions was held on October 25, 2019, during which the Court dismissed the suit against Dean without prejudice. During the hearing, Dean raised the issue of the relation back doctrine, particularly as it relates to Witcher whom had not yet been served. After discussion, Coverdale orally withdrew her Motion to Amend the Complaint as to Witcher until such time as Witcher could be served. The Court granted Coverdale's Motion as to Corin Davis, who was then added as a Defendant. On November 5, 2019, the Court granted Coverdale's Motion for Enlargement of Time to serve "Defendant(s)".[2]

---

[1] The parties have also referred to Antwine Witcher as "Antoine Watcher" on various occasions. For purposes of this Decision, the Court will refer to him only as "Witcher."

[2] A review of the docket reveals Coverdale filed this Motion almost immediately after the October 25, 2019 hearing, requesting additional time to serve unnamed defendant(s).

Notwithstanding the Court's October 25, 2019 ruling, Coverdale filed a subsequent Motion to Amend Complaint seeking to add Corin and/or Witcher on January 24, 2020. On January 28, 2020, Coverdale filed a second Motion for Enlargement of Time to serve "Defendant(s)." On February 7, 2020, the Court held a hearing on Coverdale's Motion to Amend Complaint, during which the Court re-addressed the issue of relation back. Coverdale denied that relation back remained an issue as "[the defendants] are all on notice within the statutory time frame for service of process." At the conclusion of the hearing, the Court granted both of Coverdale's motions, but reserved decision on relation back until the issue was raised again.[3] On that same day, Coverdale filed an Amended Complaint that included Corin and Witcher in the caption.

On April 17, 2020, Coverdale filed a Motion to Deem Service Complete as to Witcher.[4] A hearing on the Motion was held on August 3, 2020. At the hearing, both parties presented oral argument. The Court found that Coverdale did not provide evidence satisfactory to the Court to demonstrate proper service and denied the Motion. However, the Court did give Coverdale an additional 60 days to perfect service on Witcher. Additionally, the Court asked for argument on the pending

---

[3] The Court notes that, prior to the hearing date, Dean informed the Court that he took no position on Coverdale's Motions to Amend Complaint and Enlargement of Time and, therefore, asked to be excused from attending the hearing. The Court granted Dean's request.

[4] At this point, Dean was dismissed from the case, however, he was still included in the caption.

3

relation back issue. The parties were not prepared to present an argument, so the Court ordered briefing on the issue.

## PARTIES POSITIONS

It is Witcher's position that Coverdale cannot satisfy the relation back doctrine set forth in Court of Common Pleas Civil Rule 15(c) for three reasons: (1) Witcher did not have notice of the lawsuit before the statute of limitations expired; (2) it cannot be established that, but for a mistake, Witcher would have been properly named or given adequate notice of suit; and (3) Witcher did not receive adequate notice of the suit.

In contrast, Coverdale asserts that the relation back doctrine has been satisfied because: (1) Witcher had actual notice of the Amended Complaint before the expiration of the statute of limitations plus the service of summons 120 day period; (2) the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; and (3) Witcher knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have originally been brought against him. In support of her argument, Coverdale attached Exhibits that include: Witcher's alleged Facebook page, an affidavit from Coverdale's counsel, Facebook messages with an office paralegal, and photos of the Facebook messages with Witcher.

4

## ANALYSIS

The issue before the Court is whether claims against Witcher relate back to the date of Coverdale's Original Complaint and are thus not barred by the statute of limitations. [5] Coverdale has the burden to demonstrate that the requirements have been met.[6] In relevant part, *Ct. Com. Pl. Civ. R.* 15(c) provides that an amendment adding a party will relate back to the date of the original pleading if the following conditions are met:

(1) The claim arose out of the same underlying event alleged in the original complaint; *and*

(2) Within the period provided by statute or the Rules for service of the summons and complaint, the party to be added

    (A) Has received notice of the lawsuit, such that he will not suffer prejudice; *and*

    (B) Knew or should have known that *but for a **mistake** concerning the identity of the proper party*, he would have been named as a party in the original complaint.[7]

There is no dispute that the first requirement of relation back is met; the claims against Witcher arose from the same vehicle collision alleged in the Original

---

[5] *Smith v. Hawkins*, 2008 WL 555915 *1 (Del. Super. Jan. 31, 2008); *Allmaras v. Board of Adjustment of Sussex County*, 2019 WL 5955993 (Del. Super. Nov. 12, 2019).
[6] *Smith*, 2008 WL 555915 at *1.
[7] *Allmaras*, 2019 WL 5955993 at *3.

5

Complaint. Therefore, the Court's analysis must center on whether the remaining requirements are satisfied—that is, whether Witcher timely received notice of the lawsuit and will not be prejudiced in maintaining a defense, *and* whether Witcher knew that, but for the mistake in identifying the proper party, he would have been named in the Original Complaint.

Under Rule 15(c)(3), where an amendment changes the party against whom a claim is asserted, such claim will relate back to the date of the original pleading only if the newly-added party receives suitable notice within the time period for service of the summons and complaint provided by the rules. Pursuant to *Ct. Com. Pl. Civ. R.* 4(j), the time period for service of the summons and complaint is 120 days.[8] Therefore, for relation back to apply, Witcher must have received notice within 120 days of the filing of the Complaint, i.e., on or before November 6, 2019.

Turning to the notice component, although it need not be formal or in writing, the newly-added party must have notice of the lawsuit itself, not merely of a claim or allegation against them.[9] The exact date upon which Witcher received notice of the instant lawsuit has not been definitively established.[10] According to Coverdale's

---

[8] *Walker* v. *Handler*, 2010 WL 4703403 *1, *3 (Del. Super. Nov. 17, 2010).

[9] *Haas v. Pettinaro Mgmt., LLC*, 2017 WL 4570817, at *4 (Del. Com. Pl. Oct. 13, 2017).

[10] During the August 3, 2020 hearing, the Court allowed Plaintiff an additional 60 days to serve Witcher. On October 6, 2020, Plaintiff's counsel filed a letter in which he asserts that though the special process server was not able to achieve personal service on September 2, 2020, at some point thereafter, the process server received a call from Witcher during which Witcher stated "he would not be served." In subsequent letters, Plaintiff's counsel indicated that he had also received return receipts from certified mail he addressed to Witcher in which he enclosed the Amended Complaint.

6

exhibits, it appears that her counsel sent a Facebook message ("the Facebook Message") to an Antwine Witcher on November 4, 2019 with a copy of the proposed Amended Complaint naming him in the lawsuit. While Coverdale alleges Witcher responded, she does not provide any evidence as to the date that Witcher received or responded to her message. Moreover, the only evidence that the Facebook Message was sent to the correct Witcher is Coverdale's assertion that, over two years after the accident, she identified Witcher based on pictures associated with his Facebook account. The Court will not engage in speculative fact-finding to determine if Witcher received proper notice of the lawsuit within the 120 days or if the alleged Witcher on Facebook was in fact the right person in question.[11]

Finally, relation back will apply only if Witcher knew—by November 6, 2019—that but for a mistake as to the identity, he would have been named as a party to this litigation from the outset. The inquiry here is twofold: was there a qualifying mistake, and was Witcher aware of it?

Delaware follows a strict approach when determining if there was a mistake in naming the original party. "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of the [relation

---

[11] *Haas*, 2017 WL 4570817 at *5.

7

back doctrine] are not met."[12] Furthermore, when a plaintiff cannot demonstrate either an intent to include an unnamed party prior to the expiration of the limitations period or that she was misled as to the identity of certain parties, Delaware courts typically do not find that a mistake occurred.[13] Failing to "ferret-out" the correct party or choosing to sue an improper party do not amount to a relation-back-qualifying mistake.[14] In her Motion to Amend the Complaint, Coverdale alleged that at the scene of the collision, insurance information was exchanged that revealed that Dean was the insured. However, Coverdale does not allege that she believed that Dean was the driver of the vehicle on the day of the accident. Coverdale has provided no evidence that she mistakenly took Witcher for Dean on the day of the accident or that Witcher misrepresented himself to her as Dean. She has not outlined any investigative efforts she undertook to identify the driver's identity prior to filing the original complaint, nor has she given any other explanation for naming Dean as the defendant instead of Witcher.

Moreover, Witcher's awareness of Coverdale's mistaken belief is a critical element for relation back.[15] Coverdale contends that her inclusion of a copy of the Amended Complaint in the Facebook Message to Witcher serves as evidence that Witcher knew or should have known that Coverdale intended to include him in the

---

[12] *Allmaras v. Board of Adjustment of Sussex County*, 2020 WL 4669008 *2 (Del. 2020).
[13] *Haas*, 2017 WL 4570817 at * 6 (citations omitted).
[14] *See Id.*
[15] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 265-66 (Del. 1993).

lawsuit. This contention is inapposite. The question is not whether Witcher knew or should have known that Coverdale intended to include him in the lawsuit; the question is whether Witcher knew that he would have been included in the lawsuit had Coverdale not made a mistake in identifying him as the proper party. Further, as outlined above, it is unclear to this Court whether the Facebook Message was sent to the appropriate Witcher or when the Facebook Message was received by him.

## CONCLUSION

For the foregoing reasons, the Court finds that the circumstances in the instant case are not such to warrant relation back, as Coverdale has not satisfied the requirements for her claims against Witcher to relate back to the date of the Original Complaint under Rule 15(c). Therefore, her claims against Witcher are DISMISSED as time-barred by the statute of limitations.

**IT IS SO ORDERED.**

_____
Monica A. Horton, Judge

cc:     Pat Thomas, Judicial Case Manager

9