# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

INTERMEC IP CORP., and　　　　　）
INTERMEC TECHNOLOGIES CORP.,　）
　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　Plaintiffs-　）
　　　　　Counterclaim Defendants,　）
　　　　　　　　　　　　　　　　）　　C.A. No. N20C-03-254
　　　　v.　　　　　　　　　　　）　　PRW CCLD
　　　　　　　　　　　　　　　　）
TRANSCORE, LP, and TRANSCORE　）
HOLDINGS, INC.,　　　　　　　　）
　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　Defendants-　）
　　　　Counterclaim Plaintiffs.　）

Submitted: September 14, 2021
Decided: October 18, 2021

## MEMORANDUM OPINION AND ORDER

*Upon Plaintiffs-Counterclaim Defendants Intermec IP Corp. and
Intermec Technologies Corp.'s Motion for Leave to File Amended Complaint*
**GRANTED IN PART, DENIED IN PART.**

Steven L. Caponi, Esquire, Matthew B. Goeller, Esquire, K&L GATES LLP, Wilmington, Delaware; Michael S. Nelson, Esquire, Jessica L.G. Moran, K&L GATES LLP, Pittsburgh, Pennsylvania. *Attorneys for Plaintiffs-Counterclaim Defendants Intermec IP Corp. and Intermec Technologies Corp.*

Jason A. Cincilla, Esquire, Howard P. Goldberg, Esquire, Tye C. Bell, Esquire, MANNING GROSS + MASSENBURG LLP, Wilmington, Delaware, Stephen E. Baskin, Esquire, Peter Schmidt, Esquire, KING & SPALDING LLP, Washington, D.C. *Attorneys for Defendants-Counterclaim Plaintiffs TransCore, LP and TransCore Holdings, Inc.*

**WALLACE, J.**

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. PRIOR HISTORY

The Court detailed the factual and procedural background of this case in its most recent memorandum opinion and won't reprise all that here.[1] In short, Intermec and TransCore are counterparties to a cross-license (the "License"). Intermec complains that TransCore has underpaid royalties due under the License; TransCore says that it has overpaid.

Intermec filed its two-count complaint in March 2020. Count I was a declaratory judgment claim seeking declarations that TransCore must: (1) pay past royalties; (2) continue paying present royalties; and (3) continue issuing quarterly reports.[2] Count II was a breach-of-contract claim alleging that TransCore breached the License by failing to pay Intermec the royalties due thereunder.[3]

In August, the Court issued an opinion and order that resolved certain of the parties' cross-motions seeking dispositive relief.[4] Among other things, the Court granted TransCore's motion for judgment on the pleadings with respect to

---

[1] *Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at \*2–7 (Del. Super. Ct. Aug. 16, 2021).

[2] Complaint at ¶¶ 33–39.

[3] *Id.* at ¶¶ 40–48.

[4] *See Intermec*, 2021 WL 3620435.

Intermec's declaratory judgment claim.[5]  Why?  Because the first request duplicated the breach-of-contract claim that would necessarily decide whether TransCore breached the License and whether Intermec was entitled to damages.[6]  And the second and third requests were moot because they were no longer in controversy after TransCore conceded them.[7]

## B. INTERMEC'S MOTION TO AMEND

While those motions were pending, Intermec moved for leave to file an amended complaint.[8]  The Court told the parties that it would consider that latter motion once the then-pending dispositive motions were resolved.[9]  And after deciding those dispositive motions, the Court requested TransCore's response to Intermec's motion to amend.[10]  That response was just filed,[11] and so the motion to amend is now ripe for decision.

In its motion, Intermec says that it seeks "to amend its declaratory judgment

---

[5]  *Id.* at *24–26.

[6]  *Id.* at *25.

[7]  *Id.* at *25–26.

[8]  Pl's. Mot. for Leave to File Am. Cmpl. (D.I. 51).

[9]  D.I. 54.

[10]  D.I. 56.

[11]  Defs.' Opp'n to Mot. for Leave to File Am. Cmpl. (D.I. 57).

count to reflect events that transpired after Intermec filed its complaint."[12]   In December 2020, Intermec notified TransCore that it would exercise its right to terminate the License unless TransCore cured its breach.[13]   TransCore responded in February 2021, asserting that Intermec did not have the right to terminate the License and that the License remained in effect.[14]   In Intermec's words, the proposed amendments are intended to "reflect the parties' dispute regarding the continued validity of the License Agreement."[15]

## C. INTERMEC'S PROPOSED AMENDMENTS

First, Intermec seeks to amend its complaint's recitation of facts.   The proposed amendments add the just-mentioned events as factual allegations,[16] while also adding quotations to the License at various points.[17]   Additionally, Intermec adds its December 2020 letter and TransCore's February 2021 response as exhibits.

Second, Intermec seeks to amend its since-dismissed declaratory judgment claim.   The proposed amendments request a declaration that "(i) Intermec properly

---

[12]   Pl.'s Mot. for Leave to File Am. Cmpl. at ¶ 1.

[13]   *Id.* at ¶ 5; *see id.*, Ex. D.

[14]   *Id.* at ¶ 6; *see id.*, Ex. E.

[15]   *Id.* at ¶ 7.

[16]   *See id.*, Ex. B at ¶¶ 9–11, 34–41.

[17]   *See id.*, Ex. B at ¶¶ 2, 24.

terminated the License Agreement, (ii) Intermec has no further obligations thereunder and (iii) TransCore must honor its obligations post-termination, including its obligations under Section 5.10[18] of Exhibit 2 of the License Agreement."[19]  This language is also added to the proposed amended complaint's final prayer for relief.  Intermec also requests a declaration that "the final accounting provided by TransCore pursuant to Section 5.10(iii) contains detail sufficient to allow Intermec to ascertain whether or not TransCore properly calculated royalties during the life of the License Agreement, including the period from July 1, 2016 to present."[20]  And finally, "[t]o the extent this Court determines that Intermec's termination was ineffective, Intermec seeks a declaration that TransCore has an ongoing obligation to pay all royalties owed to Intermec and to provide Intermec with quarterly updates as set forth in the License agreement."[21]

Third, the proposed amendments add a new breach-of-contract count.[22]  It

---

[18]  Section 5.10 is titled "End of Term Obligations of [TransCore]."  Cmpl., Ex. A at § 5.10. When the License terminates, TransCore is required to cease using products that would infringe on Intermec's patents, to return or destroy any copies of Intermec's confidential information, and to render a final accounting of the products it manufactured, used, sold, or leased under the License. *Id.*

[19]  Pl.'s Mot. for Leave to File Am. Cmpl., Ex. B at ¶ 46.

[20]  *Id.*, Ex. B at ¶ 47.

[21]  *Id.*, Ex. B at ¶ 49.

[22]  *Id.*, Ex. B at ¶¶ 59–67.

-4-

alleges that TransCore breached Section 3.1 of the License by using an "adjusted price" to calculate royalties due on "multiprotocol products" since at least June 30, 2016.[23] According to Intermec, Section 3.1 requires instead that royalty payments "shall be based off the Net Sales Value," defined as "gross invoice price or gross invoice fee received by Company for a Licensed Product in a transaction at arm's length for monetary consideration."[24]

## II. STANDARD OF REVIEW

Civil Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."[25] But denial of a motion for leave is proper where there's "evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice, futility, or the like."[26] "Delay alone is not a sufficient basis to deny amendment of the pleadings, although inexcusable delay and repeated attempts at amendment may justify denial."[27] An amendment is futile when it would not survive a motion to dismiss.[28]

---

[23] *Id.*, Ex. B at ¶¶ 62–65.

[24] *Id.*, Ex. B at ¶¶ 63–64.

[25] Del. Super. Ct. Civ. R. 15(a).

[26] *Parker v. State*, 2003 WL 24011961, at *3 (Del. Super. Ct. Oct. 14, 2003) (internal citations omitted).

[27] *Id.* (internal citations omitted).

[28] *Yu v. GSM Nation, LLC*, 2018 WL 2272708, at *17 (Del. Super Ct. Apr. 24, 2018); *Cartanza v. Lebeau,* 2006 WL 903541, at *2 (Del. Ch. Mar. 28. 2006) (internal citations omitted).

The Court is empowered by statute to entertain a claim for declaratory judgment.[29] But the Court retains discretion to decline declaratory judgment jurisdiction.[30] And the Court will do so where a proposed declaration won't advance the litigation but will instead waste judicial resources.[31] To promote those interests, "Delaware courts do not address disagreements that have no significant current impact."[32] Stated prudentially, a declaration would not advance the litigation if it would not or is not necessary to resolve an "actual controversy," *e.g.*, a dispute "'in which the claim . . . is asserted against one who has an interest in contesting the claim'" presently and in which adversity on the issue exists presently.[33] Too, Delaware law requires that a dispute on a given issue "not be moot . . . to avoid

---

[29] DEL. CODE ANN. tit. 10, § 6501 (2020).

[30] *See, e.g., Burris v. Cross*, 583 A.2d 1364, 1372 (Del. Super. Ct. 1990); *see also XL Specialty Ins. Co. v. WMI Liquidating Tr.*, 93 A.3d 1208, 1216 (Del. 2014) (reviewing a court's decision to exercise declaratory judgment jurisdiction for abuse of discretion).

[31] *E.g., Stroud v. Milliken Enters., Inc.*, 552 A.2d 476, 480 (Del. 1989) ("[J]udicial resources are limited and must not be squandered on disagreements that have no significant current impact. . . . These judicial concerns are not rendered irrelevant by the declaratory judgment statute and its salutary purpose of advancing the stage of litigation." (internal quotation marks omitted)); *KLM Royal Dutch Airlines v. Checchi*, 698 A.2d 380, 382 (Del. Ch. 1997) ("[T]he objective of [a declaratory judgment] action is to advance the stage of litigation between the parties in order to address the practical effects of present acts of the parties on their future relations.").

[32] *Crescent/Mach I Partners, L.P. v. Dr Pepper Bottling Co. of Tx.*, 962 A.2d 205, 209 (Del. 2008) (internal quotation marks omitted).

[33] *Town of Cheswold v. Cent. Del. Bus. Park*, 188 A.3d 810, 816 (Del. 2018) (quoting *Rollins Int'l, Inc. v. Int'l Hydronics Corp.*, 303 A.2d 660, 662–63 (Del. 1973)).

wasting judicial resources on academic disputes."[34]   And because declarations provide relief where "a claim . . . would not support an action under common law pleading rules,"[35] a declaratory claim may not merely duplicate a properly pleaded affirmative count.[36]  So a declaratory count that "does not add anything" should be dismissed.[37]

## III.  DISCUSSION

TransCore resists the proposed declaratory judgment claim amendments as "unnecessary, futile and already addressed in other claims in Plaintiffs' Complaint."[38]  And, says TransCore, Intermec's motion makes no real mention of the proposed breach-of-contract claim, "let alone set forth the factual and legal support for adding this claim to the case nearly 18 months after the complaint was filed."[39]  In short, TransCore presses for wholesale denial of Intermec's motion.

---

[34]   *Crescent/Mach*, 962 A.2d at 208.

[35]   *Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, 2014 WL 6703980, at *29 (Del. Ch. Nov. 16, 2014).

[36]   *US Ecology, Inc. v. Allstate Power Vac, Inc.*, 2018 WL 3025418, at *10 (Del. Ch. June 18, 2018), *aff'd*, 2019 WL 24460 (Del. Jan. 17, 2019); *Trusa v. Nepo*, 2017 WL 1379594, at *8 n.71 (Del. Ch. Apr. 13, 2017); *Great Hill*, 2014 WL 6703980, at *29.

[37]   *ESG Cap. Partners II, LP v. Passport Special Opportunities Master Fund, LP*, 2015 WL 9060982, at *15 (Del. Ch. Dec. 16, 2015).

[38]   Def.'s Opp'n to Mot. for Leave to File Am. Cmpl. at 1.

[39]   *Id.* at 5.

TransCore's right on the amendments to the declaratory judgment claim. But the Court sees the proposed breach-of-contract claim as a rewording or clarification of Intermec's extant surviving breach-of-contract claim. So the Court will permit Intermec to choose which formulation of that breach-of-contract claim it wishes to maintain going forward. Intermec's Motion is, therefore, **DENIED, in part, AND GRANTED, in part.**

### A. THE AMENDMENTS TO THE DECLARATORY JUDGMENT CLAIM ARE FUTILE.

The Court dismissed Intermec's first stab at its declaratory judgment claim. Intermec now seeks a somewhat new set of declarations. But the declarations proposed via amendment are just as unnecessary and deficient as the claim's original iteration.

First, Intermec requests a declaration that it properly terminated the License, that it has no further obligations thereunder, and that TransCore must honor its post-termination obligations.[40] The Court has already held that "[w]hether TransCore breached the License will be decided, positively or negatively, in the resolution of Intermec's express breach-of-contract claim."[41] TransCore has conceded that Intermec has the right to terminate the License if TransCore is in breach[42] and it has

---

[40] Pl.'s Mot. for Leave to File Am. Cmpl., Ex. B at ¶ 46.

[41] *Intermec*, 2021 WL 3620435 at *25.

[42] Def.'s Opp'n to Mot. for Leave to File Am. Cmpl. at 1–2.

not disputed that it must honor its post-termination obligations if the License is terminated. So the proposed declarations amount to affirming the undisputed consequences of TransCore's breach, should it be proven. There is no need for some ancillary—or, perhaps worse, ambiguous (because, if needed, it must be for some different purpose than the potential breach finding)—declaration on this issue.

Second, Intermec seeks a declaration that the final accounting TransCore provided under Section 5.10(iii) contains sufficient detail for Intermec to determine whether TransCore properly calculated royalties during the life of the License.[43] This declaration effectively duplicates Intermec's original breach-of-contract claim, which alleges that TransCore breached the License by failing to pay royalty fees.[44] The resolution of this breach claim will necessarily determine the amount of royalties that TransCore owes to Intermec.[45] Again, some separate declaration that Intermec properly calculated that amount would add nothing but potential mischief.

Third, Intermec seeks a declaration that if the License remains in effect, TransCore has an ongoing duty to pay royalties and provide quarterly updates as set

---

[43]  Pl.'s Mot. for Leave to File Am. Cmpl., Ex. B at ¶ 47.

[44]  Cmpl. at ¶¶ 40–48.

[45]  *See Intermec*, 2021 WL 3620435, at *25 ("And whether Intermec is entitled to damages, too, necessarily will be resolved through [Intermec's breach-of-contract claim] and through TransCore's implied covenant count for overpayment.").

forth in the License.[46]  As the Court found in August[47] and TransCore reconfirms now,[48] none of that is in dispute.[49]

In their best light, the sum of the proposed declaratory-judgment-claim amendments are duplicative, moot, or both.  Accordingly, Intermec's motion is **DENIED** with respect to them.

## B. INTERMEC MUST DECIDE WHICH BREACH-OF-CONTRACT CLAIM TO MAINTAIN.

The proposed amendments add a second breach-of-contract claim that goes largely unmentioned in Intermec's present motion.  The claim is that TransCore breached Section 3.1 of the License by using an "adjusted price" to calculate royalty payments instead of "Net Sales Value."[50]  This resembles the extant breach-of-contract claim alleging that TransCore breached the License by failing to pay the full amount of royalties due under the License.  The pre-existing claim does not

---

[46]  Pl.'s Mot. for Leave to File Am. Cmpl., Ex. B at ¶ 49.

[47]  *See Intermec*, 2021 WL 3620435, at *25 ("Intermec's request for a declaration regarding TransCore's 'ongoing' duty to pay royalties fails for the simple reason that this issue is not in controversy.  Throughout its briefing, TransCore concedes it must pay royalties whenever it sells a Licensed Product."); *see also id.* at *26 (holding that Intermec's request for "a declaration that TransCore must continue to prepare and deliver quarterly reports" was moot because "TransCore repeatedly concede[d] it must provide quarterly reports").

[48]  *See* Def.'s Opp'n to Mot. for Leave to File Am. Cmpl. at 4.

[49]  *See id.*

[50]  Pl.'s Mot. for Leave to File Am. Cmpl., Ex. B at ¶ 65.

specify which section of the License TransCore allegedly breached. But it appears Section 3.1 is the only part of the License that imposes on TransCore the duty to make payments to Intermec. Thus, both claims appear to be predicated on Section 3.1, with the new claim describing the breach in more detail.

The only real difference between the two claims appears to relate to *how* TransCore allegedly underpaid Intermec. The audit that Ernst & Young conducted for Intermec highlighted various alleged errors in TransCore's payments. One such error was "[i]naccurate gross invoice amount used to compute royalty."[51] The new breach-of-contract claim appears to allege breach based on that specific section of the Ernst & Young report. But it seems—given its references to unpaid and underpaid royalties—that the pre-existing breach-of-contract claim includes the damages from that audit section already. Thus, as best the Court understands the new breach- of-contract claim, it essentially duplicates the extant one.

Intermec shouldn't be permitted to proceed with two duplicative breach-of-contract claims. But given that the claims appear the same in substance, the Court sees no prejudice to TransCore in allowing Intermec to now select between (or meld) the two claims to set forth its preferred wording. Although Intermec filed its present

---

[51] Cmpl., Ex. B. (Ernst & Young Report) at § 3.3.

request over a year after filing its complaint, delay alone is not a sufficient basis to deny amendment thereof.[52]

## IV. CONCLUSION

For the foregoing reasons, Intermec's motion to amend is **DENIED, in part, AND GRANTED, in part**. Intermec should select the formulation of its breach-of-contract claim to maintain,[53] but Intermec cannot via its proposed amendments breathe new life into its already-dismissed declaratory judgment claim.

**IT IS SO ORDERED**.

_____
Paul R. Wallace, Judge

Original to Prothonotary

cc:  All Counsel via File & Serve

---

[52]   *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993) ("Delay alone is not a sufficient basis to deny amendment of the pleadings, although inexcusable delay and repeated attempts at amendment may justify denial.") (internal citations omitted).

[53]   And docket its appropriately amended complaint on or before November 3, 2021.