IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN BETTS, | § | |
| | § | |
| Defendant Below, | § | No. 440, 2022 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| and | § | of the State of Delaware |
| | § | |
| NOBLE TALENTS LLC, | § | C.A. No. 2020-0455 |
| | § | |
| Nominal Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| ELUTIONS CAPITAL VENTURES | § | |
| S.A.R.L., NBL FUND I, LP, and | § | |
| HAMSHINE LLC, | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: November 23, 2022
Decided: January 12, 2023

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice of appeal from an interlocutory order and its exhibits, it appears to the Court that:

(1)     Nominal defendant-appellant Noble Talents LLC (the "Company") is a Delaware limited liability company. The plaintiffs-appellees, Elutions Capital Ventures S.A.R.L., NBL Fund I, LP, and Hamshine LLC (the "Plaintiffs"), are

holders of Series A Preferred Units in the Company. They filed a derivative action in the Court of Chancery alleging that defendant-appellant John Betts breached his fiduciary duties to the Company by engaging in self-dealing and by interfering with and ultimately scuttling a sale of the Company's wholly owned subsidiary, Noble International Bank, LLC ("Noble Bank"), to Alpha Global Fintech LLC because Betts was unable to extract personal benefits from the sale. The Plaintiffs also asserted a claim for tortious interference based on Betts's alleged interference with the prospective sale. On March 30, 2021, Betts filed an answer and counterclaims asserting claims for breach of fiduciary duty, breach of contract, misappropriation of trade secrets, and tortious interference.[1]

(2) In April 2021, Betts moved to dismiss the complaint for failure to adequately plead demand futility under Court of Chancery Rule 23.1[2] and moved for judgment on the pleadings, and the Plaintiffs moved to dismiss the counterclaims. In June 2021, while briefing on the parties' motions was proceeding, Betts issued

---

[1] The pleading asserted the counterclaim for breach of fiduciary duty on behalf of both Betts and the Company. For simplicity, this order refers only to Betts as asserting, and opposing dismissal of, the counterclaims and as the appellant here.

[2] *See* DEL. CT. CH. R. 23.1 (providing that in a derivative action the complaint must "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and the reasons for the plaintiff's failure to obtain the action or for not making the effort"); *see also* 6 *Del. C.* § 18-1001 ("A member or an assignee of a limited liability company interest may bring an action in the Court of Chancery in the right of a limited liability company to recover a judgment in its favor if managers or members with authority to do have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed.").

numerous subpoenas, including to the custodian of the Company's electronic records.[3] The custodian produced documents during the first week of October 2021 (the "October Records"). The court heard argument on the motions to dismiss and for judgment on the pleadings on November 8, 2021. Betts did not refer to the October Records during the hearing or at any time between the hearing and when the court ruled on the motions.

(3) On February 2, 2022, the Court of Chancery denied Betts's motion to dismiss under Rule 23.1, concluding that demand was excused as futile because Betts was the sole member of the board of managers when the complaint was filed and the Plaintiffs had pleaded with particularity that Betts received or attempted to receive material personal benefits from the misconduct alleged in the complaint.[4] The Court of Chancery also denied Betts's motion for judgment on the pleadings, concluding that the allegations in the complaint supported reasonable inferences that Betts breached fiduciary duties that he owed to the Company during the relevant

---

[3] *Elutions Capital Ventures S.A.R.L. v. Betts*, C.A. No. 2020-0455, Docket Entry No. 135, Transcript of Oct. 24, 2022 Bench Ruling, at 4-5 (Del. Ch.) [hereinafter *Interlocutory Bench Ruling*]; *see also Elutions Capital Ventures S.A.R.L. v. Betts*, 2022 WL 17075692, at *1 (Del. Ch. Nov. 18, 2022).

[4] *Elutions Capital Ventures S.A.R.L. v. Betts*, C.A. No. 2020-0455, Docket Entry No. 78, Transcript of Feb. 2, 2022 Bench Ruling, at 20-21 (Del. Ch.) (quoting three-part test for demand futility adopted in *United Food & Commercial Workers Union & Participating Food Industry Employers Tri-State Pension Fund v. Zuckerberg*, 262 A.3d 1034, 1058 (Del. 2021)).

time periods and that he tortiously interfered with the prospective sale of Noble Bank to Alpha Global.[5]

(4) As for the Plaintiffs' motion to dismiss Betts's counterclaims, the court held that Betts failed to state a claim for breach of fiduciary duty because he did not adequately plead that the Plaintiffs owed the Company fiduciary duties, either by controlling the Company generally or by exercising control with regard to the Alpha Global deal.[6] The court held that Betts failed to state a claim for breach of contract because he did not allege that the Plaintiffs were parties to any of the contracts at issue.[7] The court held that Betts failed to state a claim for misappropriation of trade secrets because he did not adequately plead, even under a notice pleading standard, what trade secrets the Plaintiffs allegedly misappropriated.[8] Finally, the court held that Betts failed to state a claim that the Plaintiffs tortiously interfered with contracts between the Company and Betts or with the prospective sale of Noble Bank.[9] The court therefore dismissed all of the counterclaims.[10]

(5) On February 9, 2022, Betts moved for reargument. He also sought leave to amend his counterclaims, stating that he could further clarify the facts

---

[5] *Id.* at 21-29.
[6] *Id.* at 29-32.
[7] *Id.* at 32-33.
[8] *Id.* at 33-36.
[9] *Id.* at 36-39.
[10] *Id.* 39.

alleged and indicating that he had received information from a former Company executive to support his counterclaims. He still did not refer to the October Records. On March 1, 2022, the Court of Chancery denied reargument and the request for leave to amend.

(6) On July 1, 2022, Betts again moved for leave to amend the answer and to add six counterclaims—two that would reassert two of the dismissed counterclaims and four that were purportedly new. For the first time, Betts pointed to the October Records, arguing that they contained "new evidence" that supported the counterclaims that he was seeking to assert. The Plaintiffs opposed the motion on the grounds that the proposed counterclaims were barred by Court of Chancery Rule 15(aaa) and that amendment would be futile under Rule 15(a).

(7) The court denied the motion to add the previously dismissed counterclaims, holding that the court had previously dismissed those claims with prejudice and that Betts's failure to bring the October Records to the court's attention earlier barred him from relying on those records in an effort to revive those claims.[11] The court also denied the motion to add the purportedly new counterclaims, concluding that because those claims simply repackaged the dismissed counterclaims, Rule 15(aaa) barred the amendment.[12] The court granted the motion

---

[11] *Interlocutory Bench Ruling*, *supra* note 3, at 7-11.
[12] *Id.* at 11-15.

5

to amend the answer because the Plaintiffs did not argue that the amendments would be prejudicial and the court therefore was "'required to exercise discretion in favor of granting leave to amend.'"[13]

(8)     Betts then asked the Court of Chancery to certify an interlocutory appeal under Supreme Court Rule 42.  He argued that the Court of Chancery should not have applied Rule 15(aaa) to deny the motion to add the counterclaims because two of them were based on newly discovered evidence that was not available at the time of the original answer and counterclaims, and the other four contained additional elements that were not the subject of the original motion to dismiss.  Betts argued that the court's order decided a substantial issue of material importance because it "alter[ed] the balance of procedural rights between plaintiffs and defendants" in the Court of Chancery.[14]  Addressing the Rule 42(b)(iii) factors, Betts argued that (i) the order involves a question of first impression;[15] (ii) the order "is in tension with" governing law;[16] and (iii) interlocutory review would serve considerations of justice.[17]

---

[13] *Id.* at 15-16 (quoting *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993)).

[14] Application for Certification of Interlocutory Appeal at 6.

[15] DEL. SUPR. CT. R. 42(b)(iii)(A).

[16] Application for Certification of Interlocutory Appeal at 13.  *Cf.* DEL. SUPR. CT. R. 42(b)(iii)(B) (stating that the trial court should consider whether the "decisions of the trial courts are conflicting upon the question of law" presented by the interlocutory order).

[17] DEL. SUPR. CT. R. 42(b)(iii)(H).

(9)    The Court of Chancery denied the application for certification.  The court determined that the order did not decide a substantial issue of material importance because a "decision granting or denying leave to amend is not part of a merits determination" but rather "collateral to a merits determination."[18]  The court also concluded that the Rule 42(b)(iii) factors do not support interlocutory review. First, the court determined that the order at issue did not resolve a novel question of law but rather "applied settled Rule 15(aaa) precedent to a tattered procedural history involving parties who repeatedly tried to revive counterclaims that were dismissed with prejudice."[19]  The court similarly determined that the order did not conflict with governing law, but rather applied settled law to the circumstances of the case.[20] Finally, the court concluded that interlocutory review would not serve considerations of justice, particularly because Betts waited so long to argue that the October Records supported his claims.[21]

(10)    We agree with the Court of Chancery that interlocutory review is not warranted in this case.  Applications for interlocutory review are addressed to the sound discretion of this Court.[22]  In the exercise of its discretion and giving great

---

[18] *Elutions Capital Ventures S.A.R.L. v. Betts*, 2022 WL 17075692, at *4 (Del. Ch. Nov. 18, 2022); *see also id.* ("A decision holding otherwise would endorse immediate appeals from any adverse outcome on a Rule 12(b)(6) motion that does not result in a final judgment.").

[19] *Id.* at *5.

[20] *Id.* at *5-7.

[21] *Id.* at *7.

[22] DEL. SUPR. CT. R. 42(d)(v).

weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the decision of the Court of Chancery do not exist in this case,[23] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal. Betts did not bring the October Records to the Court of Chancery's attention at the hearing on the motion to dismiss; in the three months between that hearing and the court's decision on the motion; or when he sought reargument and leave to amend his counterclaims following that decision. Interlocutory review of the results of that strategy is not warranted.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[23] *Id.* R. 42(b)(ii).

8