IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       :

                                 :     I.D. No. 0411008300 WLW

     v.                    :     Kent County

                                 :

AMBROSE L. SYKES,      :

                                 :

     Defendant.        :

Submitted: September 29, 2016
Decided: October 12, 2016

**ORDER**

Upon Defendant's Motion for Stay. *Granted.*
and
Upon Defendant's Motion to Amend Second Motion
for Post-Conviction Relief. *Granted.*

John Williams, Esquire and Stephen R. Welch, Jr., Esquire of the Department of Justice, Dover, Delaware; attorneys for the State.

Herbert W. Mondros, Esquire of Margolis Edelstein, Wilmington, Delaware and Samuel J.B. Angell, Esquire of the Federal Community Defender Office, Philadelphia, Pennsylvania; attorneys for the Defendant.

WITHAM, R.J.

Before the Court is Defendant Ambrose Sykes's motion for stay and his motion to amend his second motion for postconviction relief.

## PROCEDURAL HISTORY

This case has a lengthy procedural history, spanning a capital trial, a direct appeal,[1] and a motion for postconviction relief that was denied by this Court.[2] The denial of the Defendant's first motion for postconviction relief was affirmed on appeal by the Delaware Supreme Court.[3] The background of the Defendant's trial, conviction, appeal, and postconviction proceedings are documented at length in the Supreme Court's most recent opinion on the matter.[4] This is the Defendant's second motion for postconviction relief.

The Defendant's motion, which was filed on January 11, 2016, asserts eleven potential grounds for relief. On February 1, the President Judge of the Superior Court issued Administrative Directive 2016-2, temporarily staying all proceedings in which the Court was asked to invalidate Delaware's capital sentencing scheme until the Supreme Court answered certified questions on that topic. The next day, the State moved for summary dismissal of the Defendant's motion, and the Court notified the parties that the proceedings were temporarily stayed.

After the Delaware Supreme Court answered the Superior Court's certified

---

[1] *State v. Sykes*, 953 A.2d 261 (Del. 2008).

[2] *State v. Sykes*, 2014 WL 619503 (Del. Super. Jan. 21, 2014).

[3] *State v. Sykes*, No. 53, 2014, 2015 WL 417514 (Del. Jan. 30, 2015).

[4] *See generally id.*

questions in *Rauf v. State*[5] in August of 2016, this Court provided the parties with new filing deadlines. On September 1, the Defendant requested a stay until the Supreme Court decides the retroactivity of *Rauf* in *Powell v. State*, No. 310, 2016. A week later, the Defendant also requested a continuance to file a response to the State's motion to dismiss. The Court granted the request for a continuance and directed the State to respond to the Defendant's request for a stay.

On September 14, the State answered the stay request. A day later, the Court informed the parties it was deferring action on the State's motion for summary dismissal to consider the Defendant's stay request, and provided the defense time to file a reply. On September 29, 2016, the Defendant filed his reply to the State's answer. Separately, the Defendant moved to amend his second motion for postconviction relief to more clearly premise his tenth claim on the retroactive application of *Hurst v. Florida*[6] and *Rauf*.

## THE PARTIES' CONTENTIONS

The Defendant requests a stay pending the Supreme Court's resolution of *Rauf*'s retroactivity in *Powell v. State*, No. 310, 2016. In support of his request, the Defendant points to the decision of another judge of this Court to stay proceedings in *Norcross v. State* and of the Supreme Court to stay appeals in *Ortiz v. State*, No. 650, 2015; and *Stevenson v. State*, No. 287, 2014.

The State objects to the Defendant's request on the ground that his motion does

---

[5] No. 39, 2016, 2016 WL 4224252 (Del. Aug. 2, 2016).

[6] 136 S. Ct. 616 (2016).

not raise the retroactivity of *Hurst* or *Rauf.* It seeks to distinguish *Norcross* on the ground that in that case the motion for postconviction relief expressly raised the issue of *Hurst*'s retroactivity.

In reply, the Defendant argues that *Hurst* was expressly raised in his second motion for postconviction relief, although it was pending at the time the motion was filed. The Defendant further argues that judicial economy is best served by a stay rather than requiring later refiling of the Rule 61 motion. He points out that yet another judge of this Court has stayed proceedings pending the outcome of *Powell.*

In addition to his reply, the Defendant submitted a motion to amend his second motion for postconviction relief, arguing that the interests of justice require that he be permitted to expressly assert the retroactivity of *Hurst* and *Rauf.*

## STANDARD OF REVIEW

The Superior Court has broad discretion in its exercise of its "inherent authority to stay proceedings in control of its docket after balancing the competing interests."[7] In determining whether to exercise its discretion to enter a stay, the Court may consider factors such as "the private interest of the [parties] . . . , the interests of the courts, the interests of persons not parties to the . . . litigation, and the public interest."[8] "A stay is appropriate where it is likely to conserve judicial and party time, resources, and energy."[9]

---

[7] *Fleming & Hall, Ltd. v. Clarendon Nat'l Ins. Co.*, No. 97C-12-187, 1998 WL 734794, at *1 (Del. Super. Sept. 24, 1998).

[8] 1 Am. Jur. 2d *Actions* § 66 (2016).

[9] *Id.*

This Court freely gives defendants leave to amend their motions for postconviction relief "when justice so requires."[10] As with civil pleadings, decisions concerning motions to amend lie within the sound discretion of the trial court.[11] A proposed amendment will be denied if it would be futile–in other words, if its legal insufficiency is obvious on its face.[12]

## DISCUSSION

The State's argument in opposition to the Defendant's motion for a stay on balance is rejected. The Defendant argued in his initial motion that the outcome of *Hurst*, then a pending case, would be relevant to the outcome of his motion. It is implicit within that argument that the holding of *Hurst* would have retroactive effect.

*Powell* will likely determine whether *Hurst* and *Rauf* apply retroactively to the Defendant's case. Deciding the issue while that appeal is pending thus holds the potential to waste judicial resources and the time of the parties. The Court finds it appropriate to follow the same logic that prompted the entry of stays in the other cases cited by the Defendant, and enter a stay until *Powell* can be decided.

The Defendant's motion for leave to amend will likewise be granted. It is at least arguable that *Rauf* may have an retroactive effect. This Court agrees with the Defendant that justice requires the Court to allow the amendment of the claim to

---

[10] *Ploof v. State*, 75 A.3d 811, 821 (Del. 2013) (interpreting Super. Ct. Crim. R. 61(b)(6)).

[11] *State v. Sykes*, 2013 WL 3834048, at *2 (Del. Super. July 12, 2013) (citing *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993)) (analogizing to Super. Ct. Civ. R. 15(a)).

[12] *Id.*

include potentially controlling case law that has been decided during the pendency of the Defendant's second motion for postconviction relief. The Court will entertain an amended motion for summary dismissal from the State after the stay is lifted.

## CONCLUSION

For the foregoing reasons, the Defendant's motions are **GRANTED**.

IT IS SO ORDERED.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
xc:   John Williams, Esquire
      Stephen R. Welch, Jr., Esquire
      Herbert W. Mondros, Esquire
      Samuel J.B. Angell, Esquire