# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHAUN M. COLEMAN,     :
            :  C.A. No.: K23C-08-019 JJC
     Plaintiff,   :
            :
     v.      :
            :
JACK R. MILLIGAN,    :
            :
     Defendant.  :

Submitted: January 18, 2024
Decided:  January 25, 2024

## ORDER

On this 25th day of January 2024, having considered Defendant Jack Milligan's motion to dismiss, and Plaintiff Shaun Coleman's opposition, it appears that:

1. Ms. Coleman sues Jack Milligan, M.D. for damages in medical negligence.[1] In her complaint, she alleges that Dr. Milligan treated her from 2007 until some point in 2017.[2] Within that timeframe, Ms. Coleman's complaint further alleges that Dr. Milligan pressured her to engage in a sexual relationship in exchange for prescribing her opioids and antidepressants that were neither medically necessary nor appropriate.[3] Ms. Coleman's complaint also alleges that she developed a debilitating drug dependency, suffered long-term mental and physical trauma, financial hardship, and a permanent physical disability because of Dr. Milligan's

---

[1] D.I. 1 (hereinafter "Compl.").

[2] *See* Compl. (averring that Dr. Milligan prescribed Ms. Coleman opioids and other drugs between 2007 and 2017); *but see* D.I. 8 (hereinafter "Pl.'s Opp'n to Mot. to Dismiss") (contending that Ms. Coleman continued to receive medical care from Dr. Milligan until September 2021).

[3] Compl.

negligent medical care.[4]   As evidence of Dr. Milligan's wrongdoing,  Ms. Coleman included the following exhibits in her complaint:  the final order from Dr. Milligan's disciplinary hearing before the Delaware Board of Medical Licensure and Discipline (the "Board"); the recommendations of the chief hearing officer in that matter;  and a police report documenting Ms. Coleman's complaints against Dr. Milligan.[5]   The misconduct addressed in the administrative action referenced in her exhibits mirror the allegations in her civil complaint.  The exhibits also demonstrate that the Board suspended Dr. Milligan's license, in part, because of his conduct targeting Ms. Coleman.

2.     Presently, Dr. Milligan moves to dismiss Ms. Coleman's complaint with a *pro se* filing.[6]   In his motion, he contends that her allegations are (1) false, and (2) are barred by the two-year statute of limitations contained in 18 *Del. C.* § 6856.     As to the statute of limitations, Dr. Milligan focuses on Ms. Coleman's failure to allege any wrongful conduct after 2017.[7]

3.     In response, Ms. Coleman reiterates the allegations in her complaint. She now contends that Dr. Milligan continued to provide her with negligent medical care through September 2021.[8]   In addition, Ms. Coleman alleges an additional basis for her claim against the doctor – that he intentionally withheld (and continues to withhold) her medical records with the purpose of preventing her from filing a timely

---

[4] Compl., Ex. A.

[5] *See* Compl., Ex. B (containing the final order issued by the Delaware Board of Medical Licensure and Discipline, wherein the Board suspended his medical license for two years, and imposed an ongoing prohibition against him treating female patients unsupervised when practicing medicine in the State of Delaware); *see also* Compl., Ex. C (containing the recommendations of the Chief Hearing Officer following Dr. Milligan's disciplinary hearing); *see also* Compl., Ex. D (containing a police report documenting complaints by Ms. Coleman against Dr. Milligan for alleged unlawful sexual contact).

[6] Del. Super. Ct. Civ. R. 12(b)(6).

[7] D.I. 6 (hereinafter "Def.'s Mot. to Dismiss").

[8] Pl.'s Opp'n to Mot. to Dismiss.

suit.[9]  Finally, she contends in her response that Dr. Milligan's withholding of her medical records impacted, and continues to impact, her health and well-being.[10]

4.      The standard for surviving a motion to dismiss under Superior Court Civil Rule 12(b)(6) is minimal.[11]   In reviewing the motion to dismiss, the Court must "accept all well-pleaded factual allegations in the [c]omplaint as true[.]"[12]  A plaintiff's allegations must provide a defendant with notice of the nature of the claim.[13]  When deciding the motion, the Court must draw all reasonable inferences in favor of the plaintiff and must deny it unless the plaintiff cannot recover under any reasonably conceivable set of circumstances susceptible of proof.[14]  Importantly, the four-corners of the plaintiff's complaint defines the universe of facts that the Court may consider.[15]

5.      At oral argument, Dr. Milligan's counsel limited the scope of the motion to dismiss to the statute of limitations.[16]   In a claim for medical negligence, 18 *Del. C.* § 6856 generally limits the time during which claims for medical negligence can be filed to two years "from the date upon which such injury occurred."[17]  The phrase "injury occurred" refers to the date on which the "wrongful act or omission occurred."[18]

6.      Here, Dr. Milligan emphasizes that the allegations in the complaint refer to care he provided only between 2007 and 2017.  Namely, in Ms. Coleman's

[9] *Id.*

[10] Pl.'s Opp'n to Mot. to Dismiss.

[11] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC,* 27 A.3d 531, 536 (Del. 2011).

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

[16] Although Dr. Milligan filed his motion to dismiss *pro se*, he retained counsel before the oral argument.

[17] 18 *Del. C.* § 6856.

[18] *Dunn v. St. Francis Hosp.*, Inc, 401 A.2d 77, 80 (Del. 1979).

complaint, filed in August 2023, she alleges that "Dr. Milligan prescribed me opioid [sic] and other drugs from 2007 through 2017."[19]  Accordingly, Dr. Milligan correctly recognizes that the statute of limitations expired in 2019 when accepting all allegations in the complaint as true.[20]

7.      Nevertheless, Ms. Coleman now alleges additional facts in her written and oral responses to the doctor's motion to dismiss.  They include that she continued to receive telehealth care from Dr. Milligan through September 2021, and that Dr. Milligan continued to encourage her to visit his office to accept prescriptions that were not medically necessary through September 2021.[21]  As of her last telehealth visit in September 2021, Ms. Coleman alleges that Dr. Milligan "was still reminiscing and pursuing some form of sexual deviant contact with me which would occur if I made an office visit."[22]

8.      A four-corners review of the complaint, in its current form, requires the Court to apply the statute of limitations imposed by 18 *Del. C.* § 6856.  Nevertheless, Ms. Coleman's allegation that Dr. Milligan provided her negligent medical treatment through September 2021 could survive a Rule 12(b)(6) motion, if she had alleged that in her complaint.   Namely, if Dr. Milligan continued to negligently treat her through September 2021 in a way that proximately caused her injury, the statute of limitations would not expire before some point in September 2023.[23]

9.      Superior Court Civil Rule 15 provides that after an opponent files a responsive pleading, a party may amend his or her pleading  "by leave of the court or by written consent of the adverse party; and *leave shall be given freely when*

---

[19] Compl.
[20] Def.'s Mot. to Dismiss.
[21] Pl.'s Opp'n to Mot. to Dismiss.
[22] *Id.*
[23] Ms. Coleman filed suit in August 2021.

4

*justice so requires.*"[24]  In other words, Rule 15(a) provides that the Court should exercise its discretion in favor of liberally granting amendments when an amendment does not *unfairly* prejudice the other party.[25]  Here, given the particularity of Ms. Coleman's allegations when responding to the motion to dismiss, the interest of justice weighs in favor of permitting her to amend her complaint.[26]  Furthermore, granting Ms. Coleman's leave to amend causes Dr. Milligan no unfair prejudice because such an amendment would not materially alter the scope of the suit.[27]  Finally, permitting an amendment will cause Dr. Milligan no unfair prejudice because he understands the nature of the allegations against him after litigating the issues before the Board.  Moreover, after the Board suspended his license, he filed an unsuccessful appeal in this Court.[28]

10.  In summary, given Ms. Coleman's *pro se* status, Rule 15(a)'s guidelines that favor liberal amendments, and the Court's preference for deciding cases on their merits, Ms. Coleman may amend her complaint within thirty days of the date of this Order.  The amended complaint, if filed, will remain subject to Rule 12(b)(6) requirements.  Assuming Ms. Colman amends her complaint, Dr. Milligan may then either renew his motion to dismiss or file an answer.  In the alternative, if Ms. Coleman does not file an amended complaint within thirty days of the date of

---

[24] Del. Super. Ct. Civ. R. 15(a) (emphasis added).

[25] *Farrow v. Teal Constr., Inc.*, 2020 WL 3422401 at *3; *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993).

[26] *See Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 72 (Del. 1993) (explaining that Superior Court Rule 15 is meant to "encourage the disposition of litigation on its merits").

[27] *See Vichi v. Koninklijke Phillips Elec., N.V.,* 85 A.3d 725, 761 (Del. Ch. 2017) ("The primary test for prejudice when a party seeks to assert a new theory is whether the opposing party was denied a fair opportunity to defend and or to offer additional evidence on that different theory."); *see also Rinaldi v. Iomega Corp.*, 2000 WL 973257 at *1 (Del. Super. May 23, 2000) (noting that a prospective amendment did not prejudice the defendant when the amendment would not materially alter the allegations in the complaint).

[28] *See Milligan v. Del. Bd. of Med. Licensure & Discipline*, 2023 WL 8827485 (Del. Super. Dec. 20, 2023) (affirming the Board's decision to suspend Dr. Milligan's license because, in part, of his misconduct when treating Ms. Coleman).

5

this Order, the Court will dismiss her suit pursuant to Rule 12(b)(6) without further input or request from the parties.

**NOW THERFORE**, for the reasons above, Dr. Milligan's motion to dismiss is **DEFERRED**, with **LEAVE TO AMEND**  the Complaint within thirty days.

**IT IS SO ORDERED.**

/s/Jeffery J Clark
Resident Judge